# THE CITY OF CLINTON
*v.*
# GEORGE W. PHILLIPS.

ORDINANCES—*section 5, of an ordinance of the city of Clinton prohibiting the sale of spirituous liquors, void.* Under section 5, of an ordinance of the city of Clinton, prohibiting the sale of intoxicating liquors, druggists are permitted to engage in the traffic for sacramental, chemical, mechanical or medical purposes; but are required under a heavy penalty to furnish to the city clerk, a statement in writing, quarter-yearly, showing the kind and quantity sold for such purposes, when and to whom sold, and on whose prescription or assurance—such report to be verified by the affidavit of the druggist, and of every clerk and servant in his employ. In a prosecution under this section, for neglecting to furnish the required statement, it was *held*, that the city council had no power to enact this section of the ordinance; that it was unreasonable and oppressive, and an invasion of the sanctity of private business.

APPEAL from the Circuit Court of DeWitt county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. E. H. PALMER, for the appellant.

Messrs. MOORE & WARNER, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Appellee was arrested and prosecuted under an ordinance of the city of Clinton. He was found not guilty. The city prosecutes this appeal.

The city council adopted an ordinance, prohibiting the sale of intoxicating liquors, of any kind whatever, and affixed penalties for its violation.

It was agreed, that the prosecution was for a violation of section 5 of this ordinance; that appellee was a druggist, engaged in business in the city, and as such had, for more than one year, sold spirituous liquors for medical purposes; but that he had not reported such sales to the city council, as the section required him to do.

The following is the section referred to:

" This ordinance shall not apply to the sale of any spirituous, vinous, malt, fermented, mixed or intoxicating liquors, kept by any established apothecary, druggist, his agents, clerks or servants, for sacramental, chemical, mechanical or medical purposes, provided the same are sold in good faith, under the prescription of a physician, except in extreme cases, and then said druggists shall be satisfied beyond a reasonable doubt that the person or persons applying for such liquors, or purchasing the same for sacramental, chemical, mechanical or medicinal purposes, will use the same in good faith for one of those purposes; and provided further, that said apothecary or druggist shall furnish to the city clerk, within ten days after the expiration of each quarter of the year, after this ordinance is in force, a statement in writing, of all spirituous, vinous, malt, fermented or intoxicating liquors sold by him, his agents, clerks or servants, during the previous quarter, mentioning therein the kind and quantity, when and to whom sold, and upon whose prescription or assurance. Said statement shall be subscribed and sworn to by such apothecary or druggist, and each and every agent, clerk or servant in his employ, each making oath for himself and not for the other, that said statement is true in

substance and in fact.    Every apothecary or druggist neglecting or failing to furnish said statement, shall, upon conviction thereof, forfeit and pay to the city council of the city of Clinton the sum of not less than fifty nor more than two hundred dollars for every offense.

" Passed and approved April 13, 1867."

Errors enough have been assigned, and points made, to afford opportunity to write a volume upon the powers of the legislature and of a city government.   This court has often decided as to the power of the legislature, over the sale and traffic in intoxicating liquors, and the right to confer it upon municipal corporations.

We propose to discuss one question only.   Had the city council the power to enact section 5 of the ordinance?   The solution of this in the negative, is decisive of the case.

The penalty annexed, is not for the sale of spirituous liquors. This is expressly permitted to druggists, for sacramental, chemical, mechanical and medical purposes.   It is merely for a failure to report, quarter-yearly, the kind and quantity sold for such purposes, when and to whom sold, and on whose prescription or assurance.   This report must be verified by the affidavit of the druggist, and of every clerk and servant in his employ.

Under this section, it is no offense to sell spirituous liquors for the purposes indicated.   Neither is it one to sell without the prescription of a physician, nor without having ascertained, beyond a reasonable doubt, the object of the purchaser.   The only offense is the neglect to furnish a detailed statement of his business.

The section is suspicious in its spirit, and excessively stringent in its requirements.   It permits the sale, and then imposes the most odious conditions.   A mere venial omission is tortured into a grave offense, punishable with a heavy penalty.   The private citizen, invested with no public office or employment, should not be subjected to such inquisition.

All men have a right to the secure enjoyment of property, and to be protected in their houses, papers and possessions

against unreasonable searches. This section is an invasion of the sanctity of private business, and ought not to be tolerated.

There was no power to enact it, and the judgment must be affirmed.

*Judgment affirmed.*