## No. 11,778.

### WATERS PIERCE OIL COMPANY VS. MAYOR AND BOARD OF TRUSTEES OF THE TOWN OF NEW IBERIA.

When the pleadings do not show an amount of appealable interest, to determine the amount, affidavits relating to the amount in dispute will be received.

Where a particular thing is declared a nuisance by a municipal corporation, it is not necessary, nor is it required that the ordinance shall provide for an investigation as to the nature of the nuisance before an attempt is made to execute the ordinance, as this is a matter for judicial inquiry.

The act No. 16 of 1839 conferred full and complete power upon the corporation of New Iberia to enact all needful police regulations, including those to regulate the storage of combustible and inflammatory substances.

The regulation of the storage of petroleum and other inflammatory substances is not the taking of private property without due process of law, nor is it in restraint of trade.

The ordinance referred to in the opinion is legal, constitutional and valid.

APPEAL from the Nineteenth Judicial District Court for the Parish of Iberia.  *Voorhies, J.*

*Foster & Broussard* and *Andrew Thorpe*, for Plaintiffs, Appellees:

No one shall be deprived of life, liberty or property, without due process of law. Art 14, Section 1, Constitution of United States; Art. 6, Constitution of Louisiana, 1879.   The charters of municipal corporations within the State are the measure as well as the source of their powers.   Major vs. Roth, 29 An. 261.

The power to suppress nuisances must be construed so as to apply to cases of nuisances clearly so to the detriment of public health and public convenience, for otherwise the removal or abatement would be unlawful. Tissot *et al.* vs. Great Southern Tel. Co. 39 An. 996.

\* \* \* And even if such power is expressly given, it is utterly inoperative and void, unless the thing is in fact a nuisance. \* \* \* The fact that a particular use of property is declared a nuisance by an ordinance of the city does not make that use a nuisance, unless it is in fact so and comes within the idea of a nuisance. Wood on Nuisances, Sec. 740.

A public nuisance can not exist in acts which are warranted by law, even though the act complained of might, independent of the statute, be a nuisance. High on Injunction, *verbo* Nuisance, Vol. 1, p. 586.

Nuisances *per se* are those which at all times and under all circumstances, and irrespective of their location and surroundings, are prejudicial to public morals, or are dangerous to life, or are injurious to public rights. Am. and Eng. Ency., *verbo* Nuisance, p. 937.

So, if he has given his consent, either expressly or impliedly, to the erection of expensive works, he can not afterward enjoin their operation. \* \* \* Am. and Eng. Ency., *verbo* Nuisance, p. 960; Note 1, *in re* Huhm vs. Shreve, etc.

It is well settled that municipal authorities can not arbitrarily declare a thing a nuisance or destroy property which was lawfully erected—when such thing or property is not a nuisance *per se*— until this fact has been lawfully ascertained. Further, that when the necessary power has been expressly conferred by the Legislature, it is inoperative and void, unless the thing is in fact a nuisance, or was erected after the passage of the ordinance and in defiance of it. \* \* \* This fact must be first established by judicial adjudication.

An injunction will lie restraining the city from interference with the use of property which has not been lawfully ascertained and declared a nuisance. Am. and Eng. Ency., Vol. 15, p. 1166 *et seq.*, *verbo* Municipal Corporations.

*Walter J. Burke* for Defendants, Appellants:

Although a corporation may have the right to sue, represented by its president, still the authority and permission to him given to file a given suit must appear from the pleadings and proof.

An injunction will not be granted by the District Court to restrain a municipal corporation from the enforcement of one of its ordinances, penal in its nature. The proper remedy is by appeal from the conviction. Hottinger vs. City, 42 An. 630. •

Municipal corporations generally, and more specially those empowered by their charter " to make and pass such regulations, by-laws and ordinances as may be deemed necessary and proper to regulate and preserve the peace and good order of the town; to pass by-laws and ordinances in regard to disorderly conduct generally, or anything relating to the good government of said town; to impose such fines and penalties for a breach of their by-laws and ordinances and of public peace as they may think proper," etc., may declare that a class of business has become a nuisance owing to the manner in which it is conducted or the great hazard to life and property accompanying it, and enforce its suppression. Dillon Municipal Corporations, Vol. 1, Sec. 374; Kennedy vs. Phelps, 10 An. 327; Mayor of Monroe vs. Gerspach, 33 An. 1011; 42 An. 483; 97 U. S. 659.

The storing of highly inflammable materials in populous centres, in the midst of a large number of frame buildings, comes within the legal notion of a nuisance, and may be as such suppressed by the municipal corporation. Am. and Eng. Ency. of Law, Vol. 16, p. 955; Blanc vs. Murray, 36 An. 163.

The fact that a person has long been engaged in a business before the adoption of an ordinance branding it as a nuisance is no defence against the enforcement of the ordinance.

If the facts are sufficient to show a public nuisance the defendant may not show in defence that the business is carried on in the most approved style. Am. and Eng. Ency. of Law, Vol. 16, p. 931, Sec. 6, and notes.

An ordinance suppressing a class of business as being a nuisance is not one in restraint of trade.

Where the charter of the town gives the corporate authority the right to inflict penalties necessary to enforce ordinances, it need not prescribe specially the mode of trial. These are necessarily

55

summary, and the mode of procedure within the magistrate's discretion. State vs. Dunbar, 43 An. 836.

Where one part of an ordinance is null, it will not vitiate the balance which is capable of standing without it.

Argued and submitted April 24, 1895.
Opinion handed down May 6, 1895.

The opinion of the court was delivered by

McENERY, J. There is in the record an affidavit of J. G. Broussard, the agent and manager of the plaintiff, to the effect that the business which the plaintiff has been ordered to move is worth considerably over two thousand dollars.

The motion to dismiss is denied. State ex rel. Daboval vs. Police Jury, 39 An. 759.

The town of New Iberia passed an ordinance declaring it to be " a nu sance for any person or persons to keep or store in any building or shed, or any other enclosure whatever, within the limits of the corporation, any explosives or other highly inflammable materials, dangerous to the safety of life and property, in any other quantity than that which may be necessary for the supplying of the ordinary or every-day usage, or the demands of retail selling business."

Before the enactment of this ordinance, the plaintiff company, on its own property, within the corporate limits, had erected buildings and improvements in the way of large iron tanks of such thickness as to render them fire-proof and safe when exposed to great heat. All necessary precautions had been taken to shut off escaping gas. A written notice was served on the plaintiff company to comply with the ordinance.

The company applied for and obtained a writ of injunction, restraining the execution of said ordinance, on the grounds of the illegality and unconstitutionality of the ordinance:

1. Because it makes no provision for an investigation to ascertain if petroleum oil, stored in such tanks, is or is not a nuisance, and arbitrarily declares the storing of petroleum oil in the tanks, provided by plaintiff, a nuisance.

2. That the ordinance is *ultra vires* in that the charter of the town does not give power to the corporation to enact such an ordinance.

3. That the ordinance makes no provision for any charge, affidavit or trial of any one charged with violating it; is in restraint of trade, and its execution will deprive plaintiff of his property, without due process of law.

There was judgment for plaintiff, perpetuating the injunction, and the defendant corporation appealed.

That the ordinance makes no provisions for an accusation and trial does not concern the plaintiff, as the company was not proceeded against in order to impose any fine, forfeiture or penalty. Nor does the charge leveled against it, that it is in restraint of trade, concern the plaintiff, if the town had the authority and power to pass the ordinance. The loss of plaintiff's business is but a necessary consequence of the unlawful act complained of.

That the ordinance of a municipality can not make that a nuisance which is, in fact, not one, is elementary. But even in cases where a particular thing is denounced by the municipality as a nuisance it is not required that the ordinance should provide for an investigation as to the fact, whether or not it is a nuisance.

The facts are disclosed on the trial, and the question of nuisance remains open until decided by the court. The courts are open to the author of the alleged nuisance, and therefore the proceeding by the town authorities to carry into effect its ordinance does not, in itself, constitute the taking of property without due course of law.

From an inspection of the ordinance it will be seen that it does not propose to take private property without compensation, and without due process of law, but only to restrain the private injurious use of property. It is within the power of a municipality to so regulate the use of property that it shall not be pernicious, and inflict an injury upon its inhabitants generally. Corpatt vs. Yonkers, 140 N. Y.; Dillon Municipal Corporation, par. 141.

The State can confer upon municipal corporations the power to establish police regulations. Cooley Const. Limitations, 148.

The act of the General Assembly, No. 16 of 1839, conferred full power upon the corporation to enact all necessary police regulations. This power, by Sec. 5 of the act, is only limited by the restriction that the ordinances shall not conflict with the State and Federal Constitutions.

The corporation, by its charter, was authorized to pass any ordi-

nance "relative to anything whatever that may concern the police and good government of said town."

"Municipal charters refer most questions of local governments, including police regulations, to the local authorities, on the supposition that they are better able to decide for themselves upon the needs as well as the sentiments of their constituents than the Legislature possibly can be, and therefore are more competent to judge what local regulations are important, and also how far the local sentiment will insist in their enforcement." Cooley Const. Lim. 149, 150.

The preservation of the public health, the good order of the local community, the protection of the property of its citizens from the danger of fire, and the preservation of their lives from the danger of storing explosive substances in the limits of the corporation in thickly populated localities, are matters of vital local interest, and are of such character as to invite local sentiment in provoking necessary legislation and its rigid and exact enforcement. Hence, in this case we find in the record a petition numerously signed by property owners "living in the vicinity of the Southern Pacific depot," addressed to the Mayor and trustees of the corporation, calling their attention to the constant danger from fire from the oil tanks situated near the depot, and "that at any moment an accident may happen, whereby the oil contained in the tank may be ignited and all portions of the town adjacent destroyed by fire."

The proof sustains the averments in the petition as to the security of the tanks from fire and the prevention of the escape of gas. But we know from the character and constituents of petroleum, as we know from the component parts of gunpowder, that it is a dangerous and inflammable substance, and in defiance of all precautions it will, at times, ignite. There are certain facts known to mankind that are accepted as true, and the record might be replete with evidence to contradict them, yet we would accept the experience of mankind in preference to the isolated facts cited in the record.

No amount of testimony would convince us that steam, electricity and gunpowder, and petroleum, are not dangerous. Due and proper precautions may, under certain conditions, render them harmless. But these conditions may relax, and at unexpected moments they may be let loose from restrictions, and burst forth with immeasurable power and energy. Therefore the legislation, in relation to

these substances, is not to be controlled by the efforts to secure them from danger, when it is attempted to place them at designated points, where the least injury will be inflicted by accident.

In the case of Fisher vs. McGuire *et als.*, 1 Gray, 27, the Supreme Court of Massachusetts said: " Gunpowder, an article quite harmless in a magazine, may be kept in a warehouse always exposed to fire, especially in the night; however secreted, a fire in the building would be sure to find it, and the lives and limbs of courageous and public-spirited firemen and citizens engaged in subduing the flames would be endangered by a sudden and terrible explosion."

Notwithstanding that gunpowder is quite harmless when stored in magazines, we venture the assertion that no city or town of size and importance permits large quantities to be stored in magazines within the city in thickly settled and populous neighborhoods.

We have not the least doubt, under the clause of the act of corporations quoted, the city of New Iberia had the power of regulating the mode of keeping and the sale of petroleum oil; that is, to prevent the storage of large amounts in a populated part of the city, and to require only such amounts to be kept in said localities as would meet the wants of the retail trade. Dillon Municipal Corporations, 3d Ed., par. 404.

This seems to be the object to be attained by the ordinance.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, and it is now ordered that the writ of injunction obtained by plaintiff be dissolved and set aside, and his demand be rejected, with costs of both courts.

MR. JUSTICE BREAUX dissents.