State vs. Itzcovitch.

## No. 12,259.

STATE OF LOUISIANA VS. JACOB ITZCOVITCH.

Ordinance of the City of New Orleans No. 12,619, regulating pawn shops and second-hand stores, amending its Ordinance No. 12,512, is null and void. No legislative authority vested the City Council with power to enact said ordinance. It is not within any of the police powers necessary for the administration of the municipality.

APPEAL from the First Recorder's Court of the city of New Orleans. *Finnegan, J.*

*James J. McLoughlin*, Assistant City Attorney, and *Samuel L. Gilmore*, City Attorney, for City of New Orleans, Plaintiff, Appellee.

*Albert D. Henriques* for Defendant, Appellant.

Argued and submitted February 5, 1897.
Opinion handed down February 15, 1897.

The opinion of the court was delivered by

MCENERY, J.    The City Council of New Orleans enacted the following ordinance:

" MAYORALTY OF NEW ORLEANS,
CITY HALL, September 3, 1896.

(No. 12,619, Council Series.)

" An Ordinance amending Ordinance No. 12,512, Council Series.

" *Be it ordained by the Common Council of the City of New Orleans,* That Ordinance No. 12,512, Council Series, be and the same is hereby amended so as to read as follows:

" SECTION 1. *Be it ordained,* That from and after the passage of this ordinance, it shall be the duty of every person keeping a shop or other place, whether as owner or agent, where second-hand goods are bought, sold or exchanged, to furnish to the superintendent of police, at his office, between the hours of 3 o'clock P. M. every day in the year, a complete descriptive list of all articles bought, sold or exchanged, at such shop or place, during the twenty-four hours last preceding, and since the furnishing of the last report, together with the name, sex, color, apparent age, and general description and

place of residence of the person or persons buying, selling or exchanging each of said articles; provided, that all dealers in goods of any kind or description, which shall have been used, or which shall have been transferred from the manufacturers to the dealer, and then received in the possession of third persons, whether the same consists of clothes, bicycles, or other vehicles, carpets, clothing, firearms, weapons, household utensils, or of articles of personal use, or of male or female wearing apparel, or of jewelry, gold or silver, shall be and are hereby declared to be second-hand dealers; provided, further, that second-hand furniture dealers, paying licenses as such, and who buy and sell furniture exclusively, either at auction or private residences, shall not be considered second-hand dealers within the meaning of this ordinance.

"SEC. 2. *Be it further ordained*, That whoever loans money on deposit or pledges of personal property, or who purchases personal property, or *choses* in action, on condition of selling the same back again at a stipulated price, is hereby defined and declared to be a pawnbroker."

"SEC. 3. *Be it further ordained*, That all keepers, whether as owners or agents, of shops or places commonly known as loan offices or pawnbroker shops, and all persons who habitually lend money on pawn or pledge of diamonds, jewelry, plate, valuables, clothing, firearms, or other movables or personal property, shall at the time of receiving any article of property whatsoever in pawn or pledge, enter in a book to be kept by them, respectively, a full and complete description of the articles of property so pawned or pledged, with the date and hour of receiving the same, and the name, description and place of residence of the depositor or pledgor, and shall, on demand of the Superintendent of Police, or of any officer or person acting under his authority, exhibit to him, with the articles of property therein mentioned, the books of the description so required. It shall also be the duty of such keeper to make daily reports in the same manner required in the preceding section, save that the name and place of residence of the pledger may be omitted therefrom. The reports herein provided for in this section shall be considered as confidential, and shall be for the private use of the police solely.

"SEC. 4. *Be it further ordained*, That the shops and places mentioned in Secs. 1 and 2 hereof shall be kept closed from the hour

of 10 o'clock P. M. to 6 o'clock A. M., except on Saturdays, when the hours of closing may be extended to 11:30 P. M.

" SEC. 5. *Be it further ordained*, That in the event that any day shall be a legal holiday, then the said report required by Secs. 1 and 2 shall be made on the day following and between the hours aforementioned.

" SEC. 6. *Be it further ordained*, That the proper blanks for the reports aforementioned shall be furnished at the office of the Superintendent of Police on application.

" SEC. 7. *Be it further ordained*, That it shall be unlawful for the owner or keeper of a shop described in Sec. 1 to sell, exchange, barter or remove from their place of business, or permit to be redeemed, any of the goods bought, exchanged, pledged, pawned or deposited by, to, or with them for the period of seven days after the making of the report thereof provided for in this ordinance.

" SEC. 8. *Be it further ordained*, That it shall be unlawful for any owner or owners, keeper or keepers, agent or agents or parties representing said owner or owners or proprietors of any second-hand store, pawn shop, or loan office to buy, pawn, pledge or exchange any article or articles from any minor under the age of sixteen years, from a person appearing to be intoxicated, from a person known to be a notorious thief, or from a person known to have been convicted of larceny or burglary.

" SEC. 9. *Be it further ordained*, That in the event any person or persons shall tender for sale, pawn or exchange any article or articles to the owner or owners, keeper or keepers, agent or agents, or parties representing said owner or owners or proprietors or keepers of any second-hand store, pawn shop, or loan office, and they having good reasons to believe that such article or articles were stolen, it shall be their duty to have the person or persons so tendering the same immediately arrested.

" SEC. 10. *Be it further ordained*, That any violation of this ordinance shall be deemed a misdemeanor, and any person or persons violating any of the provisions of this ordinance shall be liable to a fine not exceeding twenty-five dollars or imprisonment in the parish prison not exceeding thirty days, at the discretion of the recorder of the district in which the offence shall have been committed."

(Other sections omitted.)

The defendant, who keep s a second-hand store in the city of New Orleans, was arrested and convicted for violating provisions of the above ordinance. He contested its legality and constitutionality in the recorder's court. He specifically avers that the City Council was without authority or power to enact said ordinance.

The regulation of such establishments as are named in the ordinance is, undoubtedly, an exercise of police power, but they are of that character that the City Council of New Orleans is without power to police them in the manner adopted in the ordinance without special legislative permission.

We presume there was a necessity for the attempt to regulate the establishments mentioned and provided for in the ordinance, but however great the necessity, without the sanction of legislative authority the City Council was without power to enact such an ordinance. Under the grant of police power to the city no such power is vested in the City Council. Hence its exercise was unlawful. 1 Dillon on Municipal Corporations, par. 317; Secs. 14, 15, City Charter.

In the case of State vs. Robertson, 45 An. 954, this court held that an ordinance of the City Council of New Orleans providing for the office of inspector and examiner with the power to examine engineers, and to grant certificates of competency and to inspect boilers, etc., was illegal, as the power to enact such an ordinance was not granted to the city and could not be inferred from the powers granted.

In State vs. Von Sachs, 45 An. 1416, it was held the City Council of New Orleans had no power to enact an ordinance requiring labor agents to give bond for a faithful discharge of duties as labor agents.

The language employed in that case is applicable here. " The City Council can exercise only such power as legislative authority confers upon it. It can prohibit no business authorized by the Legislature and when it assumes that the Legislature authorizes the taxation of the occupation  *  *  *  it can not, in authorizing the business or occupation to be carried on, impose obligations not authorized by the Legislature."

The occupations attempted to be regulated are legitimate occupations licensed by the State, and the city can impose no burden upon the carrying on of these occupations not authorized by the Legislature.

In the City of Clinton vs. George W. Phillips, 58 Ill. 102, there was

an effort made by the plaintiff city to regulate the sale of intoxicating liquors for medicinal, mechanical and chemical purposes, requiring a report quarterly of the kind and quantity sold for such purposes, when and to whom sold and on whose prescription. The ordinance was held to be illegal, because there was no power to enact it.

In Long vs. Taxing District, 7 (Lea) Tenn. Reports, it was held " a municipal corporation can not, without special legislative authority, pass an ordinance requiring merchants, parts of whose business is the buying and repacking of loose cotton, in addition to the other conditions prescribed by law and ordinance for taking out merchant's license, to give bond to keep in a book specially provided for the purpose a daily record of the name of each seller of loose cotton and the quantity of each purchase, and that he will keep such book at all times open to the inspection of the police."

The ordinance was enacted to break up the stealing of loose cotton. The court said: " The ordinance does not regulate the administration of the local government, the convenient transaction of business or the conduct of the citizens with a view to health and comfort, nor is it such as can be said to fall within the general duties of municipal bodies. It is rather intended to facilitate the enforcement the criminal law against theft of loose cotton."

And the ordinance under review was evidently intended to facilitate the enforcement of criminal law in the detection of thefts of personal property. The ordinance, no doubt, has accomplished good results, but there was no authority to enact it. Legislative grant of power to enact such an ordinance must be obtained before it can have any effectual force.

That part of the ordinance which makes the violation of any of its provisions a misdemeanor is illegal, in that it makes or creates an act a crime which the Legislature has not seen fit to do. State vs. John McNally, 48 An. 1450.

The ordinance above recited, No. 12,619, council series, is declared to be null and void, and the judgment appealed from is annulled and reversed, and it is ordered that the defendant be discharged.