(38 South. 199.)

No. 15,386.

CITY OF CROWLEY v. ELLSWORTH.

(Feb. 27, 1905.)

APPEAL — REVIEW — CONSTITUTIONAL LAW— ORDINANCE—VALIDITY — DISCRIMINATION — MUNICIPAL CORPORATIONS—REGULATION OF INFLAMMABLE MATERIALS — STORAGE — DUE PROCESS OF LAW.

1. On an appeal coming to this court solely under the grant of jurisdiction to this court over suits involving the constitutionality or legality of a fine or penalty imposed by a municipal corporation, the question of whether the facts were sufficient to justify the conviction of the appellant cannot be considered.

2. An ordinance is not informal or illegal because the cause or reasons of its enactment are not given, nor because it punishes as a nuisance what neither by it nor by another ordinance is expressly declared to be such.

3. An ordinance which applies alike to all persons, firms, or corporations engaged in the business legislated against is not discriminatory.

4. Authority to a municipal corporation to regulate the storage of combustible and inflammable materials includes authority to prohibit the storage of refined and other explosive oils within the corporate limits. And an ordinance so providing is not unreasonable.

5. A special ordinance granting to a particular person permission to store refined oils within the corporate limits of a town is repealed by a subsequent general ordinance, applicable to all persons alike, making such storage of oils a criminal offense.

6. Though an ordinance prohibiting the storage of explosive oils in large quantities within the corporate limits happens to have the effect of putting an end to a business, and of rendering valueless certain structures used in connection with the business, its enforcement will not constitute a depriving of property without due process of law, when the circumstances justified its adoption as a police regulation.

(Syllabus by the Court.)

Appeal from City Court of Crowley; Dallas B. Hayes, Judge.

M. Ellsworth was convicted of violating an ordinance of the city of Crowley, and appeals. Affirmed.

Medlenka & Taylor, for appellant. Thomas Rutland Smith, for appellee.

PROVOSTY, J. The defendant is the local agent of the Waters-Pierce Oil Company,

of Missouri, which company does a wholesale oil business in the city of Crowley. In April, 1898, said company obtained permission from the city council "to construct and erect three iron storage tanks" at a designated place within the corporate limits "for the purpose of storing illuminating, lubricating, and other oils for the sale and supply of the demand in the town of Crowley and vicinity." In July, 1904, the city council adopted an ordinance providing that "hereafter it shall be unlawful for any person, firm or corporation to keep on their premises or in storage tanks within the corporate limits of the city of Crowley at any one time more than two barrels of gasoline, coal oil or other refined oils of an explosive nature," and punishing by fine of not less than $5, nor more than $100, or by imprisonment in the city jail for not less than two nor more than thirty days, any violation of the ordinance. Defendant was prosecuted and convicted in the city court for a violation of the ordinance, was fined $100, and he has appealed.

His first contention is that the city authorities have hold of the wrong man; that he is a mere employé executing orders, and therefore not responsible. With this defense this court has nothing to do. The case comes here under the provision of the Constitution granting appellate jurisdiction to this court of "suits involving the constitutionality or legality of any * * * fine or penalty imposed by a municipal corporation"; and no question can be inquired into except that as to which jurisdiction is thus specially conferred. Burguieres v. Sanders, 111 La. 109, 35 South. 478.

Defendant claims that the ordinance under which he has been prosecuted and fined is unconstitutional for six reasons, which we now proceed to consider in regular order.

First. That no grounds are assigned as a cause for passing the ordinance, and that, although the storage of oil of an explosive nature in quantities greater than two barrels is not a nuisance per se, the ordinance punishes it as a nuisance without having declared it to be such.

The first branch of this objection is clearly without merit. Clearly, a legislative body does not have to give any reasons for its enactments; not though such reasons "were plentiful as blackberries in June." Dill. Mun. Corp. (3d Ed.) § 318, note 2; Elliott, Mun. Corp. p. 183.

The second branch is no better than the first. An ordinance which makes an act unlawful, by necessary implication declares it of a noxious character, and any further declaration on the subject would be mere useless tautology.

Second. "The said ordinance is discriminatory, unreasonable, arbitrary, and unequal in its operation and effect, for the reason that it is confined exclusively to refined oils handled by the Waters-Pierce Oil Company, when in truth and in fact, to the express knowledge of the city of Crowley, other oils of an explosive nature are stored in large quantities within the city limits of Crowley, by other persons, firms, and corporations."

The ordinance applies alike to all persons, firms, or corporations engaged in the business legislated against, and is certainly not discriminatory. The discrimination is said to consist in that the ordinance applies only to refined oils, and not to crude oils. Conceding that this discrimination in favor of crude oils would be fatal to the ordinance if crude oil were shown to be equally explosive as refined oil, the evidence fails to show that fact, and every presumption is in favor of the fairness of the ordinance. Elliott, Mun. Corp. p. 202.

Third. "That the city of Crowley exceeded its chartered authority as conferred upon it by paragraph 9, § 16, of Act No. 136 of 1898, p. 232, in excluding (which exclusion is an absolute prohibition of conducting of the wholesale oil business in the said city from its limits) the storage of refined oils of an explosive nature in quantities greater than two barrels; the said ordinance not regulating, but absolutely prohibiting, the Waters-Pierce Oil Company from carrying on its business."

The "chartered authority" thus referred to is conferred in the following terms:

"The following additional powers are conferred upon the mayor and aldermen of cities and towns: * * * Ninth—To regulate the storage of powder, pitch, turpentine, rosin, hemp, hay, cotton and all other combustible and inflammable materials."

In the case of the same Waters-Pierce Oil Co. v. The City of New Iberia, 47 La. Ann. 863, 17 South. 343, a similar ordinance was sustained by this court, although the authority to pass it was not so clearly conferred as in the present case.

Fourth. "That the said ordinance is unreasonable, and in restraint of a lawful and legitimate business carried on and surrounded with the greatest precaution against danger of fire, explosion, or accident likely to entail the loss of life or property."

Clearly, an ordinance prohibiting the storage of oils of an explosive nature within the built-up parts of the city would not be unreasonable. Inasmuch as the ordinance is made to apply to the entire corporate limits, the inference is that there is no place within the corporate limits, where, in the judgment of the council, it would be safe to store the inflammable and explosive substance mentioned in the ordinance. The evidence shows that there are buildings within dangerous proximity to the storage tanks of which the defendant is in charge.

Fifth. That the ordinance is unconstitutional in so far as it affects the employer of defendant, because it does not repeal the former ordinance granting permission to the said employer of defendant to erect tanks, etc.

The question here raised is that of repeal vel non, and therefore, at best, of the legality of the fine, and not of the constitutionality, vel non, of the ordinance.

Surely, the first ordinance, in so far as it may authorize the doing of anything which the second prohibits and punishes as a crime, is inconsistent with it, and therefore repealed. The manifest intention of the second ordinance is that the storing of explosive oil in large quantities shall be unlawful for defendant's employers as well as for all others. To such a case the rule as to a special statute not being repealed by a general has no application.

Sixth. "That the said ordinance is further illegal and unconstitutional and deprives the Waters-Pierce Oil Company of its property without due process of law, without compensation or indemnity, and violates the Constitution and the laws of the United States and of this State, and more particularly the fourth, fifth, and fourteenth amendment of the United States Constitution, articles 1, 2, 166, and 167 of the Constitution of Louisiana, and article 497 of the Civil Code of Louisiana."

This exact point was passed on in the case of the same Waters-Pierce Oil Co. v. New Iberia, 47 La. Ann. 863, 17 South. 343.

Judgment affirmed.