ROGERS, Justice.
 

 This is a prosecution instituted by the City of Minden in which David Bros. Drug Company is charged with violating Municipal Ordinance No. 181, as amended. The specific charge is that defendant sold intoxicating liquor as medicine without obtaining from the city a permit therefor. Defendant’s motion to quash, amended motion to quash, and objections to evidence were overruled, and defendant was found guilty as charged. Defendant then filed motions for a new trial and in arrest of judgment. Both motions were overruled and defendant was duly sentenced. Defendant has appealed.
 

 The ordinance defendant is charged with violating is extremely lengthy, consisting of twenty-one sections. Its declared purpose is to regulate the prescribing of intoxicating liquors as medicines by physicians and the sale thereof by registered pharmacists. Section 2 requires every physician, issuing a prescription for the use of intoxicating liquor as a medicine, to set forth the date of the prescription, the name of the patient, the nature of the ailment for which the prescription is given, and the quantity of liquor prescribed. Section 4 prohibits the sale of intoxicating liquor as a medicine except by a licensed pharmacist upon the prescription of a licensed physician, after the pharmacist has obtained a permit from the city clerk. Section 5 requires every applicant for a permit .to state the quantity of intoxicating liquor on hand, the number and size of unbroken packages, the brand of liquor contained therein, the
 
 *796
 
 names of the registered pharmacists employed in the establishment, and the number of times the applicant has been convicted of violating the ordinance. Section 6 requires that after the applicant has received a permit, he shall file with the city clerk a copy of all invoices for shipments of intoxicating liquors received by him within forty-eight hours after the receipt; also to report, under affidavit, the return of any intoxicating liquor to the shipper or the .theft of any part thereof. Section
 
 7
 
 makes it unlawful for any pharmacist to fill, a prescription for intoxicating liquor for medicinal purposes, unless it states the nature of the patient’s ailment and contains the other requirements set forth in Section 2. Section 8 makes it the duty of the pharmacist to write on the back of the prescription its date, the name of the person receiving the liquor, the quantity and brand of liquor sold. It also requires that both seller and purchaser sign their names on the prescription. The other sections of the ordinance prescribe further rules and regulations covering the sale or use of intoxicating liquors for medicinal purposes. The ordinance as amended denounces the violation of any of its provisions as a misdemeanor punishable by a fine not exceeding $300 and by imprisonment not exceeding ninety days, or both fine and imprisonment at the discretion of the court, with an additional imprisonment for failure to pay the fine.
 

 It is not charged in the affidavit on'which this prosecution is based that the liquor was sold other than for medicinal purposes by a licensed pharmacist, filling a prescription of a licensed physician; noq is it charged that the party purchasing the liquor used it' other than for medicinal purposes. The literal charge is that defendant was guilty of a misdemeanor in executing the sale, without first obtaining from the city a permit for handling intoxicating liquors for medicinal purposes. The principal question raised by the defendant in meeting this charge is that the City of Minden exceeded its authority in adopting the ordinance, which defendant alleges is unconstitutional and ultra vires.
 

 Availing themselves of the provisions of Act No. 17 of the First Extra Session of 1935, the electors of the City of Minden and Ward Four of Webster Parish voted against the sale of intoxicating liquor for beverage purposes. In accordance with the result of the election, and as authorized by the legislative act, both the City of' Minden and the police jury adopted ordinances making it unlawful to possess for sale, or to sell, intoxicating liquor for beverage purposes.
 

 • Sections 1, 2 and 3 of Act No. 17 of the First Extra Session of 1935 (generally known as the Local Option Law) expressly exempt from its provisions intoxicating liquor when prescribed as medicine by a licensed physician. Thus Section 2, among other things, provides: “that this Act shall not authorize the prohibition of the sale of such liquors when prescribed by a licensed physician as a medicine. Where it is contended in any prosecution for the violation of any law of this State or any ordinance enacted pursuant to the authority of this act that any such liquors were prescribed and sold as a medicine, it shall
 
 *798
 
 be for the court to decide whether such prescription and sale were made in good faith and in case of sickness, or as a mere subterfuge and with intent to evade the provisions of such laws or ordinances.” It is further provided in Section 3 that the State of Louisiana should not grant permits or licenses for the sale of intoxicating liquor, “except to druggists for sale when prescribed by a licensed physician as
 
 \
 
 medicine, in any municipality, ward or parish in which the sale thereof is prohibited, as herein provided.”
 

 It will be readily perceived from its provisions that Act No. 17 of the Extra Session of 1935 authorizes the sale, in dry territory, of intoxicating liquor for medicinal purposes by druggists or pharmacists and denies any authority to a municipality to prohibit such sales.
 

 The City of Minden contends, however, that it was authorized to adopt the ordinance regulating the sale of intoxicating liquor for medicinal purposes under its police power as provided in its charter.
 

 The City of Minden is not incorporated under the Lawrason Act but under a special charter, being Act No. 226 of 1928. The city claims that under its charter it is vested with police powers as follows: “Section 4. That the Council shall be and it is hereby empowered to pass all such ordinances, regulations and rules as it may deem necessary for the police and government of the said City and for the regulation of all matters pertaining to the peace, safety, and general welfare of its inhabitants * * *.” And “Section 23. To make regulations to promote the general welfare and health and cleanliness of the City. * * * ” The sale and use of intoxicating liquors is covered by Section 18, which provides “that -the City shall have the right to prohibit the manufacture and sale of intoxicating liquor, and regulate the use and possession of same, for beverage purposes, under and subject to restrictions imposed by State and Federal statutes and Constitutions.”
 

 A municipal corporation has no inherent power to enact police regulations, but derives it solely from the legislature and consequently can exercise only such power as is fairly included in the grant of powers by its charter. State v. Itzcovitch, 49 La.Ann. 366, 21 So. 544, 37 L.R.A. 673, 62 Am.St.Rep. 648. In that case the court quoted with approval a decision of the Supreme Court of Illinois, wherein an attempt was made by a municipal corporation to regulate the sale of intoxicating liquor for medicinal, commercial and chemical purposes by requiring druggists, under a heavy penalty, to furnish to the city clerk quarterly reports, verified by affidavit, of the kind and quantity of liquor sold for such purposes, when and to whom sold, and on whose prescription. The court held that the ordinance was illegal because the municipality was without power to enact it and because, further, it was unreasonable and oppressive and an invasion of the sanctity of private business. City of Clinton v. Phillips, 58 Ill. 102, 11 Am.Rep. 52. That case is appropriate to the issue involved in this case.
 

 There is no delegation of power contained in the charter of the City of Minden that
 
 *800
 
 authorizes the city to regulate physicians, pharmacists or druggists, or to regulate the sale or use of intoxicating liquor for medicinal purposes. The general power granted the municipality to enact ordinances of a regulatory nature in behalf of the public health, morals, safety, or welfare is subject to the exception that it does not extend to the regulation of intoxicating liquor for medicinal purposes. Section 18 of the charter grants the city the right to prohibit the manufacture and sale of intoxicating liquor and to regulate the use and business of the same for beverage purposes, subject to the restrictions imposed by the State and Federal Constitutions and Statutes. Thus the only right granted the City of Minden under its charter, so far as intoxicating liquor is concerned, is the right to regulate its sale or use for beverage purposes, subject to the restrictions imposed thereon by the State and Federal. Governments.
 

 It is not reasonable to suppose that when the Legislature expressly limited the power of the municipality to regulate the sale or use of intoxicating liquor for beverage purposes it intended, at the same time, that the general grant of power to enact ordinances pertaining to the peace, safety, health, and general welfare of its inhabitants, would authorize the municipality to enact ordinances to regulate the sale or use of intoxicating liquor for medicinal purposes.
 

 The exercise of the police power by the municipality must have some substantial basis for its existence. It can not be made a mere pretext for legislation that does not fall within its legitimate scope.
 

 It is fundamental that a municipality can not adopt ordinances which infringe the spirit of state law, or are repugnant to the general policy of the State. It is also fundamental that a statute granting a municipality the right to exercise a designated portion of the police power must be strictly construed, and any fair and reasonable doubt of the existence of the power must be resolved against the municipality.
 

 On behalf of the City of Minden, the following cases are referred to as holding that the adoption of certain ordinances was a legitimate exercise of the police power, viz.—State v. Dupaquir, 46 La.Ann. 577, 15 So. 502, 26 L.R.A. 162, 49 Am.St.Rep. 334; City of Crowley v. Ellsworth, 114 La. 308, 38 So. 199, 69 L.R.A. 276, 108 Am.St.Rep. 353; City of New Orleans v. Schick, 167 La. 674, 120 So. 47; City of Shreveport v. Cunningham, 190 La. 481, 182 So. 649. The decisions in those cases are not controlling of the issue in this case. In State v. Dupaquir, the ordinance in dispute required a vendor of milk to furnish samples of the milk for inspection. In City of New Orleans v. Schick, the ordinance under review required movers of household and personal effects to file written reports with the Chief of Police. The validity of both ordinances was upheld on the ground that ample authority was delegated to the City of New Orleans to adopt them. The ordinance involved in City of Crowley v. Ellsworth prohibited the storage, in large quantities within the
 
 *802
 
 city limits, of oil and other substances of an explosive nature. This court found that the charter granted authority to the city to regulate the storage of combustibles and inflammable materials and that this grant of power was sufficient to authorize the city to prohibit the storage of such materials within its limits. In City of Shreveport v. Cunningham, the court upheld an ordinance forbidding peddlers to go in and upon private property to sell their merchandise. The defendant contended that because he paid the license exacted by the State, he had this right and that the city could not deprive him of its exercise. This court held that the State did not and could not grant a peddler the right to trespass on private property, and the charter of .the City of Shreveport granted the city the specific right to regulate and suppress peddlers.
 

 The sale or use of intoxicating liquor for medicinal purposes is recognized and sanctioned by both Federal and State laws. During the period of national prohibition, the sale or use of intoxicating liquors for medicinal purposes was regulated by the national government and the same rules and regulations applied to all the states indiscriminately.' Since the repeal of the national prohibition law, the right to regulate intoxicating liquor is vested in the states. This State has legalized the sale and use of intoxicating liquor for medicinal purposes and has prescribed the manner and safeguards under which that may be done. Among other things, it has forbidden municipalities in dry territory to interfere with such sales. The City of Minden can not regulate the sale of intoxicating liquor for medicinal purposes under the guise of regulating such sales for beverage purposes.
 

 Ample provision is made in the laws of' the' State, or in ordinances legally adopted by subdivisions of the State', to punish evasions of the law by 'persons authorized to prescribe or dispense intoxicating liq- ■ uor for medicinal purposes. .In such a prosecution it is for the court to decide whether the prescription and sale .were made in good faith for medicinal purposes and not as a subterfuge for beverage purposes.
 

 The mere fact that the City of Minden adopted the ordinance under, review, ostensibly to prevent the practice of something the municipal authorities deemed detrimental to the peace, good order, and health of the municipality, is not sufficient to sustain the validity of the ordinance. Unless authority can be found, either in specific language or is fairly implied, in the powers expressly granted to the municipality, authorizing the adoption of the ordinance, it is void. Since we have been unable to find such authority vested in the City of Minden, the ordinance under review must fall. This is so notwithstap;cU. ing the fact that defendant is charged with violating only that section of the ordinance relating to the obtaining of the required permit. The ordinance is complete in itself. Each of its provisions is so connected and dependent upon the other as to make it apparent that, the ordinance would not have been adopted unless all its provisions could be carried into effect. -
 

 
 *804
 
 Where a municipal ordinance is entire, each part being essential to, and connected with, the other parts, the invalidity of one renders the whole invalid. New Orleans, Second Municipality v. Morgan, 1 La. Ann. 111. The saving clause contained in the ordinance does not prevent the operation of the rule. 43 C. J., sec. 855, p. 548.
 

 Our conclusion is that the council of the City of Minden exceeded its powers in adopting the ordinance under review and that the ordinance is ultra vires and of no effect.
 

 For the reasons assigned, the conviction and sentence of the defendant are annulled, the motion to quash' is sustained,' and the defendant is ordered discharged and the bond cancelled.’
 

 O’NIELL, C. J., dissents.