280 So.2d 903 (1973)
NATIONAL FOOD STORES OF LOUISIANA, INC.
v.
Hon. Earle CEFALU, Mayor, Town of Amite, Louisiana, et al.
No. 52679.
Supreme Court of Louisiana.
June 11, 1973.
Rehearing Denied August 20, 1973.
*904 Guste, Barnett & Colomb, William M. Barnett, Sidney L. Shushan, New Orleans, for plaintiff-respondent.
Schilling & Simpson, Edwin C. Schilling, Jr., Amite, for defendants-applicants.
*905 CALOGERO, Justice.
The plaintiff, National Food Stores of Louisiana, Inc. seeks injunctive relief prohibiting the Town of Amite and certain elected officials therein from enforcing its Town Ordinance No. 291. This ordinance is commonly referred to as a "Sunday Closing Law", and had been used to prohibit plaintiff from operating a supermarket within the city limits of Amite on Sunday. Plaintiff alleges that this local ordinance is unconstitutional in that it is inconsistent with La.R.S. 51:191-51:194, the general statewide "Sunday Closing Law", and thus in contravention of La.Const. of 1921, Art. 14, Sec. 40(d).[1]
At the time the suit for a permanent injunction and application for a preliminary injunction were filed in the district court the plaintiff obtained a temporary restraining order. At the hearing in which the application for a preliminary injunction and defendants' motion to dissolve the temporary restraining order were consolidated, the district judge ruled that the temporary restraining order should be dissolved and the rule for a preliminary injunction was dismissed, holding the ordinance valid and enforceable.
Plaintiff, National Food Stores, Inc., appealed from the dismissal of their application for a preliminary injunction. La.C.C. P. Art. 3612. The First Circuit Court of Appeal held that the municipal ordinance was in contravention of the general statewide "Sunday Closing Law", LSA-R.S. 51:191-51:194 and was, therefore, unconstitutional. LSA Constitution Art. 14, Sec. 40(d). A rehearing was granted and the court of appeal reaffirmed their original opinion that the ordinance was unconstitutional, but also gave instructions to the trial judge to issue a permanent injunction.
We granted a writ of review at the instance of the defendants, the mayor and other elected officials of the Town of Amite.[2]
The plaintiff reurges here the argument accepted by the Court of Appeal that the Town of Amite should be enjoined from enforcing Ordinance No. 291 because it is inconsistent with LSA-R.S. 51:191-51:194 and therefore, in violation of Louisiana Const. Art. 14, Sec. 40(d).
The ordinance is criminal in nature (see text infra) and one who seeks injunctive relief from its enforcement must satisfy three conditions, namely, he must show: (1) the clear invasion of a property right; (2) threatened irreparable injury; and (3) the manifest unconstitutionality of the statute. See West v. Winnsboro, 252 La. 605, 211 So.2d 665 (1968).
Under our jurisprudence the plaintiff has clearly satisfied the first two conditions. It has been shown that plaintiff's right to conduct a business, a substantial property right, will be invaded in the absence of the granting of the injunction sought. Secondly, threatened irreparable injury has been sufficiently demonstrated. Pending against plaintiff's store manager in the Mayor's Court of Amite at the time this case was argued were charges arising out of the violation of the subject ordinance. Furthermore, the plaintiff has demonstrated that its supermarket will lose approximately $1,400.00 in sales receipts each Sunday that the ordinance remains in effect.
The defendants argue that no irreparable injury is shown in the instant case because plaintiff has an adequate remedy at law by way of a defense to the *906 criminal prosecution which arose out of the enforcement of the ordinance. However, as this Court held in West v. Winnsboro, supra, the requirement of irreparable injury (that the plaintiff be without an adequate remedy at law) is satisfied under these circumstances. "When unconstitutional ordinances or laws interfere with the pursuit of a lawful occupation, this Court has declined to rate the defense of a prosecution as an adequate remedy and has granted injunctive relief." West v. Winnsboro, supra, 211 So.2d 665, 671.
The final condition, manifest unconstitutionality of the ordinance, remains for consideration. It is alleged that Amite Ordinance No. 291 is unconstitutional because it is in contravention of and inconsistent with the general state law covering the same subject matter.
The pertinent provisions of the ordinance under attack read as follows:
"Section 1: That from and after this ordinance takes effect all stores, shops, saloons, and all places of public business which are or may be licensed under the ordinances or municipal laws of the Town of Amite are hereby required to be closed at 12 o'clock on Saturday nights and to remain closed continuously for 24 hours during which period of time it shall be unlawful for the proprietors thereof, or their employees or agents to give trade, barter, exchange, or sell any of the stock or any article of merchandise kept in such an establishment.
"Section 2: That whosoever shall violate the provision of this ordinance for each offense shall be deemed guilty of a misdemeanor and on trial and conviction shall pay a fine of not less than ten dollars, nor more than one hundred dollars or be imprisoned for not less than three days, nor more than ten days, or both, at the discretion of the court.
"Section 3: That the provisions of this ordinance shall not apply to printing offices, drug stores, undertakers shops, dairies, railroad or express offices, hotels, boarding houses, restaurants, telegraph offices and theatres, gasoline and oil filling stations, garages, the sale and delivery of ice and morning newspapers, and providing further that no alcoholic, vinous, or malt liquors shall be given, traded, bartered, sold or delivered on said day between the hours of twelve o'clock midnight and 7:00 A.M. o'clock, and from 10:00 A.M. o'clock until 2:00 P.M. o'clock."
The general state law governing Sunday closing is found at LSA-R.S. 51:191-51:194, which sections provide in pertinent part:
"Section 191. Places of business to be closed; penalty
"All stores, shops, saloons, and all places of public business, licensed under the law of Louisiana or under any parochial or municipal law and all plantation stores, shall be closed at twelve o'clock on Saturday nights, and remain closed continuously for twenty-four hours, during which time no proprietor thereof shall give, trade, barter, exchange or sell any of the stock or any article of merchandise kept in this establishment.
"Whoever violates this Section shall be fined not less than twenty-five dollars nor more than two hundred and fifty dollars, or imprisoned for not less than ten days nor more than thirty days, or both for each offense.
"Section 192. Exemptions
"The provisions of R.S. 51:191 shall not apply to newsdealers, the sale of ice, watering places and public parks, places of resort for recreation and health, newspaper offices, keepers of soda fountains, printing offices, book stores, drug stores, apothecary shops, undertaker shops, public and private markets, bakeries, dairies, livery stables, railroads, whether steam or horse, hotels, boarding houses, steamboats and other vessels, warehouses for receiving and forwarding freights, restaurants, telegraph offices and threatres, *907 or any place of amusement, unless intoxicating liquors are sold in the premises. Stores may be opened for the purpose of selling anything necessary in sickness and for burial purposes.
"Hotels or boarding houses may sell wine for table use on Sundays. No alcoholic, vinous or malt liquors shall be given, traded, bartered or sold or delivered in any public place on Sundays, except when administered or prescribed by a practicing physician in the discharge of his professional duties. In which case the physicians administering the intoxicating liquors may charge therefor.
"Section 194. Sunday sale of certain consumer goods prohibited; penalties; injunctive relief; exemptions
"A. On the first day of the week, commonly designated as Sunday, it shall be unlawful for any person, whether at retail, wholesale or by auction, to sell, attempt to sell, offer to sell or engage in the business of selling, or require any employee to sell any clothing or wearing apparel; lumber or building supply materials; furniture; home or business or office furnishings; any household, office or business appliances; new or used automobiles and trucks or parts for and servicing of such motor vehicles in all places of business wherein such motor vehicles are sold. In the case of an emergency, parts and servicing may be sold.
"B. Whoever violates any provision of this Section shall be fined not more than one hundred dollars for the first offense. If it is shown upon the trial of a case involving a violation of this Section that the defendant once before has been convicted of this same offense, he shall, upon a second conviction and upon each subsequent conviction, be imprisoned for not more than six months or be fined not more than five hundred dollars, or both.
"C. The purpose of this Section being to promote the health, recreation and welfare of the people of this state and to prevent unfair competition among persons, firms or business establishments, the operation of any business, whether by an individual, partnership or corporation, in contravention of the provisions of this Section is declared to be a nuisance, and any person may apply to any court of competent jurisdiction for and may obtain an injunction restraining such violation."

* * * * * *
We note that under the state statute plaintiff's "supermarket" would not be prohibited from opening on Sunday, as La. R.S. 51:192 exempts "public and private markets" from the prohibitive provisions of R.S. 51:191. West v. Winnsboro, supra., State v. Penniman, 224 La. 95, 68 So.2d 770 (1953). We interpret the terms "public and private markets" to mean business establishments the primary purpose of which is the sale of foodstuffs. Thus, plaintiff's supermarket clearly falls within the statutory exception and is not prohibited by the state statute from doing business on Sunday.
However, under Amite Ordinance No. 291 plaintiff would be prohibited from operating its supermarket on Sunday as there is no exclusion for public and private markets similar to that provided in the state statute. Thus, the ordinance is inconsistent with the statute.
This Court has held in numerous cases that a municipality is powerless to enact ordinances which are inconsistent with or in contravention of a general state statute. Lentini v. City of Kenner, 252 La. 413, 211 So.2d 311 (1968); Randolph v. Village of Turkey Creek, 240 La. 996, 126 So.2d 341 (1961); City of Minden v. David Brothers Drug Co., 195 La. 791, 197 So. 505 (1940). "It is fundamental that a municipality cannot adopt ordinances which infringe the spirit of state law, or are repugnant to the general policy of the state." City of Minden v. David Brothers Drug Co., supra, 197 So. 505, 508 (1940).
*908 In City of Alexandria v. LaCombe, 220 La. 618, 57 So.2d 206 (1972), this Court considered the constitutionality of a municipal ordinance which on its face purported to prohibit non-commercialized gambling. The state statute simply prohibited commercial gambling. We held that the ordinance was inconsistent with the state statute and declared the ordinance unconstitutional.
In principle, we find that the instant case and the LaCombe case, supra, are indistinguishable. In both cases the city ordinance attempted to prohibit an activity which the state statute had implicitly or expressly sanctioned. In fact, the instant case is more convincing for the activity which the Amite ordinance attempted to prohibit (operation of supermarkets on Sunday) is expressly exempted from the geenral state law, whereas, in the Lacombe case the activity (non-commercialized gambmling) was found to be sanctioned in the state statute only by way of inference from the fact that the state law, silent as to non-commercialized gambling, simply prohibited commercialized gambling.
The exemption provided in the state statute indicates that the legislature expressly considered application of the Sunday Closing Law to supermarkets, but found that this type of business should not come within that law's prohibition.
We conclude that the Louisiana legislature has expressed a definite policy in the enactment of the state Sunday Closing Law. (LSA-R.S. 51:191-51:194). The legislature sought to prohibit most business establishments from doing business on Sunday, but to exempt from this prohibition "public and private markets", including supermarkets. The "market" exemption from the closing law is an affirmative policy determination as much as the proscriptive feature of the same law, and should be accorded similar legal effect.
Accordingly, since the ordinance is inconsistent with the state statute and its underlying policy we must hold it to be unconstitutional and without any force and effect. La.Const. Art. 14, Sec. 40(d).
As an alternative argument, the town of Amite contends that, although its ordinance is inconsistent with LSA R.S. 51:192-51:194, it nevertheless was provided with a special grant of legislative authority to enact such an ordinance in LSA R.S. 33:401, subd. A(7). Cited as authority for this proposition is a recent case decided by this Court, City of Shreveport v. Belk, 260 La. 1041, 258 So.2d 79 (1972). In the case the municipal ordinance and state statute covering the same subject were inconsistent. The ordinance, contrary to the statute, prohibited the sale of beer on Sundays. We held that, although the ordinance and statute were inconsistent, the legislature had provided municipalities in LSA R.S. 26:494 with the special authority to enact ordinances regulating, among other things, the retailing of alcoholic beverages, including beer. Because of the special legislative grant of authority, we found that the ordinance was valid and enforceable, since it was a regulation of the retailing of alcoholic beverages and, thus expressly authorized by the legislature.
In the instant case, the Town of Amite contends that LSA R.S. 33:401, subd. A(7) gives it the special authority to enact laws "to prevent desecration of the Sabbath", and therefore under this grant of legislative authority the constitutionality of the ordinance is sustainable. However, the ordinance itself refutes the contention that its purpose is to prevent desecration of the Sabbath. For instance, the ordinance allows the sale of liquor during three hours on Sunday morning while it would prohibit the sale of milk in a grocery store during the same period. Additionally, the Amite ordinance closes grocery stores but allows to remain open, dairies, drug stores, printing shops, etc. If the ordinance were construed as an attempt to prohibit desecration to sell a loaf of bread in a grocery store, but not desecration to sell an ice cream soda in a drug store? Thus, we find that such was not the purpose of this ordinance *909 and the legislative grant of authority to municipalities under LSA R.S. 33:401, subd. A(7) cannot be used to sustain the ordinance.
Also, because we have found that the ordinance's purpose is not that of prohibiting "desecration of the Sabbath", we need not consider the issue urged by plaintiff, whether an ordinance expressly designed to prevent "desecration of the Sabbath" is in violation of the U. S. Constitutional provision prohibiting the establishment of religion.
There is a final issue of which it is necessary to dispose in this opinion. That is, we note that the Court of Appeal below after concluding that the ordinance is unconstitutional rendered a decree on rehearing instructing the trial judge to grant a permanent injunction. The defendants have urged before this Court the contention that the court of appeal had no jurisdiction to render judgment pertaining to the permanent injunction because the appeal was taken simply from the denial of the plaintiff's application for a preliminary injunction.
We agree. There was no final judgment pertaining to the permanent injunction, therefore that matter was not before the appellate court. La.C.C.P. Art. 2083. The only question before the appellate court was the correctness of the trial court's denial of the application for a preliminary injunction.
The judgment of the court of appeal is affirmed insofar as it held that Amite Ordinance No. 291 is unconstitutional. All costs are to be paid by defendants. We remand this case to the district court for further proceedings consistent with the opinion expressed herein.
BARHAM, J., concurs.
SANDERS, C. J., dissents with written reasons.
SUMMERS, J., dissents for reasons assigned by SANDERS, C. J., and for additional reasons.
SANDERS, Chief Justice (dissenting).
The majority correctly acknowledges that LSA-R.S. 33:401, subd. A(7) grants to the Town of Amite the special authority to enact laws "to prevent the desecration of the Sabbath." The majority then holds that the present ordinance is not designed to prevent the desecration of the Sabbath, because it allows dairies, drug stores and printing shops to remain open and allows the sale of liquor for three hours on Sunday morning.
The reasoning of the majority is, in effect, an attack upon the policy of the law, with which this Court has no concern. The determination of policy is reserved to the local legislative body.
Clearly the purpose of the ordinance is to prevent the desecration of the Sabbath, that is, to enforce a day of rest on that day. It could have no other purpose.
Hence, the Town of Amite has special authority from the Legislature under LSA-R.S. 33:401, subd. A(7) to enact it. See City of Shreveport v. Belk, 260 La. 1041, 258 So.2d 79 (1972).
As we said in State v. Beene, 263 La. 865, 269 So.2d 794 (1972), no constitutional principle requires the abolition of the rich diversity of customs and mores reflected in local ordinances.
For the reasons assigned, I respectfully dissent.
SUMMERS, Justice (dissenting).
I must dissent on two issues this case presents. First, I do not agree that irreparable injury is shown by National Food Stores either because its closing on Sunday will result in monetary loss or because there are charges pending against its store manager arising out of the violation of the ordinance in question. Olan Mills, Inc. of Tennessee v. City of Bogalusa, 225 La. *910 648, 73 So.2d 791 (1954); Godfrey v. Ray, 169 La. 77, 124 So. 151 (1929); Osborne v. City of Shreveport, 143 La. 932, 79 So. 542, 3 A.L.R. 955 (1918); LeBlanc v. City of New Orleans, 138 La. 243, 70 So. 212 (1915); Louisiana Oyster & Fish Co. v. Police Jury, 126 La. 522, 52 So. 685 (1910); Mathews v. Town of Farmerville, 121 La. 313, 46 So. 339 (1908); Bonin v. Town of Jennings, 107 La. 410, 31 So. 866 (1901); State v. Crozier, 50 La.Ann. 245, 23 So. 288 (1898); LeCourt v. Gaster, 49 La.Ann. 487, 21 So. 646 (1897); Hottinger v. City of New Orleans, 42 La.Ann. 629, 8 So. 575 (1890); City of New Orleans v. Becker, 31 La.Ann. 644 (1879); Levy & Company v. City of Shreveport, 27 La.Ann. 620 (1875); Devron v. First Municipality, 4 La.Ann. 11 (1849); Baton Rouge Fireworks Co. v. Police Jury, 127 So.2d 54 (La.App.1961). Compare West v. Town of Winnsboro, 252 La. 605, 211 So.2d 665 (1968).
Secondly, the Legislature has granted broad authority to the town of Amite to enact ordinances "to prevent desecration of the Sabbath." La.R.S. 33:401, subd. A(7). This ordinance falls within the contemplation of that authority. The ordinance should be upheld.
I respectfully dissent.
NOTES
[1] La.Const. Art. 14, Sec. 40(d) provides in pertinent part: "* * * (d) The provisions of this constitution and of any general laws passed by the legislature shall be paramount and no municipality shall exercise any power or authority which is inconsistent or in conflict therewith. * * *" (emphasis supplied)
[2] The defendants were entitled to have the writ granted as a matter of right in this case since the appellate court had declared the law unconstitutional. Bradford v. Department of Hospitals, 255 La. 888, 233 So.2d 553 (1970).