Dear Representative Montgomery:
This office is in receipt of your letter dated April 18, 1994, requesting an opinion from the Attorney General as to the selling and dispensing of liquor twenty-four hours a day on Gaming Riverboats. More specifically, the opinion request you have made to this office is:
 I request an Opinion from your office as to whether a local governing authority, such as the City of Bossier and/or the Parish of Bossier has the power to regulate the hours during which liquor may be served or dispensed upon riverboats docked within the City Limits of Bossier City on the Red River.
The ability of a local parish or municipality to regulate the operations of riverboat gaming vessels is set forth in La. R.S. 4:552 (B) of the Louisiana Riverboat Economic Development and Gaming Control Act.
La. R.S. 4:552 (B) reads in pertinent part:
 B. Other than to levy the admission fee authorized by Subsection A of this Section, no local governing authority may license or regulate the operation of riverboats and the gaming operations conducted thereon.
The ability to levy an admission fee notwithstanding, La. R.S. 4:552 (B) sets forth a clear legislative mandate that no local parish or municipality has the authority to regulate the operation of gaming riverboats.
It should be noted that this office considered a similar question in regards to whether Louisiana Downs, a race track located in Bossier City, could serve liquor to its patrons on Sundays, contrary to local ordinances prohibiting such sale. Op. Atty. No. 76-752, May 28, 1976. In response to that question this office gave the opinion that Louisiana Downs could sell alcohol on Sundays, local ordinances notwithstanding. In that particular case, the Louisiana Racing Commission had enacted a regulation allowing for the sale of alcohol at race tracks on Sundays when racing was taking place.
The Racing Commission adopted its rule pursuant to La. R.S. 4:157
which stated in pertinent part:
 No racing shall be permitted on Sundays unless the governing authority of the parish or municipality shall have first approved the same by resolution or ordinance and shall have further received approval of the Commission, nor shall minors be employed in any manner about the race track, except as jockeys and exercising boys.
Further, in that case, Bossier City passed Ordinance No. 19 of 1974 which permitted Sunday racing as "granted and fixed by the Louisiana State Racing Commission."
In regards to that question, this office gave the opinion that the regulation adopted by the Racing Commission stating that alcohol could be sold on Sundays at race tracks was controlling, and Louisiana Downs could sell alcohol on all days which racing was conducted. Additionally, this office cited the case of Cityof Minden v. David Brothers Drug Co., 197 So. 505 (1940). In Cityof Minden, it was held that ". . . it is fundamental that a municipality cannot adopt ordinances which infringe upon the spirit of state law, or are repugnant to the general policy of the state." Id. at 508.
As stated above, it is clear from the language of La. R.S. 4:552 (B), that the Legislature intended that the riverboat gaming industry not be subject to any local regulation other than the levying an admission fee.
It is this office's opinion that the serving or dispensing of alcohol on a gaming riverboat falls within the operation of the riverboat. Therefore, in accordance with La. R.S. 4:552 (B), no local parish or municipality may regulate such sale, or more specifically the hours which alcohol may be served or dispensed on a gaming riverboat.
Sincerely,
 Sean A. Jackson Assistant Attorney General
SAJ:ddt cc: Mr. Charles W. Salley