LEMMON, Justice.
This case presents the issue, in the posture of a pretrial motion to quash, of the constitutionality of Calcasieu Parish Ordinance No. 2263, which provides:
“As authorized by R.S. 33:4852, it shall be unlawful for any person in this parish to gamble with cards, or to participate in any card game by whatever name the game may be called or known, at which money, or anything representing money, or any article of value shall be pledged, bet, or hazarded. This section shall not apply to any private game played in a private home occupied by a family as such, or game in private clubs, conducted without rake-off for gain.”[1]
*743 Because the ordinance prohibits “non-business gambling” with cards in places other than private homes and private clubs, it proscribes conduct which is not encompassed within the proscription of the state gambling statute, La.R.S. 14:90.[2] The critical issue is whether the Legislature, under its constitutional mandate to define and suppress gambling, may define the offense of gambling in a prohibitory criminal statute of statewide application as gambling conducted “as a business” and may additionally permit (through La.R.S. 33:4852) individual parishes to enact ordinances prohibiting all gambling with cards (whether or not the gambling is conducted as a business) in places other than private homes and private clubs.[3]
Defendant and several others were arrested by Calcasieu sheriff deputies for gambling with cards in defendant’s trailer.[4] The bill of information charged defendant with violating Calcasieu Parish Ordinance No. 2263 in that he “did unlawfully gamble with cards or participate in a card game by whatever name the game may be called or known at which money or anything representing money, or any article of value, was pledged, bet or hazarded....”[5] Thus, the bill merely tracked the language of the ordinance.[6]
Defendant filed, a motion to quash, in which he challenged the constitutionality of the ordinance. Citing State v. Kaufman, 353 So.2d 995 (La.1978), he argued that the ordinance proscribed “non-business conduct” and was therefore inconsistent with the legislative definition of gambling in La. R.S. 14:90.
The trial court denied the motion to quash. The court of appeal denied defendant’s application for review, finding no error in the ruling. We granted certiorari. 435 So.2d 454.
The Kaufman decision is premised on the 1974 Constitution’s mandate that the Legislature define and suppress gambling.[7] La. *744 Const. Art. XII, § 6 (1974). See also La. Const. Art. XIX, § 8 (1921), which formerly provided in pertinent part that “gambling is a vice and the Legislature shall pass laws to suppress it.” In declaring unconstitutional a city ordinance (enacted under a home rule charter apparently without reference to La. R.S. 33:4852), this court in Kaufman said:
“To the extent that a local government seeks to punish as ‘gambling’ conduct which falls outside the definition enacted by the legislature (now La.R.S. 14:90), it attempts to exercise authority which is inconsistent with Article 12, Section 6 of the Constitution.
“As (solely) authorized by the constitution, the legislature has defined certain conduct as gambling when conducted ‘as a business.’ A local government may be authorized to punish the offense of gambling, as thus defined by the legislature; it may not, however, similarly punish non-business conduct as ‘gambling’, since the legislature alone is given the constitutional power to define what conduct shall be suppressed as constituting gambling.
“The district court correctly held the Shreveport gambling ordinance unconstitutional, in the light of the principles stated, because: ‘ * * * by legislative definition, the prohibited activities must be conducted as a business. The city ordinance at issue includes the definition, but goes far beyond that and prohibits [social] activities which would not be classified as a ‘business’.” 353 So.2d at 997 (Emphasis supplied, parenthetical material in original text).
Thus, the Kaufman decision clearly established the principle that the Constitution mandates the Legislature to preempt the field and to exercise the exclusive authority to define that conduct which must be suppressed as gambling. The court accordingly held a local government cannot constitutionally enact a statute which proscribes as gambling conduct not encompassed by the legislative definition of gambling. See City of Alexandria v. LaCombe, 220 La. 618, 57 So.2d 206 (1952). Since the Kaufman decision did not mention or consider the relationship between La.R.S. 33:4852 and the constitutional mandate of exclusive authority to the Legislature, the instant case presents the further issue of whether the provisions of La.R.S. 33:4852 in effect constitute an alternative legislative definition of gambling which may (or may not) be adopted by individual parish governing bodies.
We hold that La. Const. Art. VII, § 6 (1974), which granted the Legislature the exclusive mandate to define and suppress gambling, prohibits the Legislature from granting to the parish governing bodies the perogative to decide what shall be in effect local gambling crimes, as was done here. A contrary holding would allow the Legislature to abdicate its constitutional mandate to “define” and “suppress” gambling by simply giving relatively general guidelines regarding the limits of parochial ordinances. Thus, Ordinance No. 2263 is unconstitutional because its proscription of non-business conduct as gambling exceeds the legislative definition in La.R.S. 14:90. See State v. Kaufman, above.
Accordingly, the ruling of the trial court is set aside, and defendant’s motion to quash is granted.
CALOGERO, J., concurs.
DENNIS, J., dissents.
WATSON, J., concurs and assigns reasons.
BLANCHE, J., dissents and will assign reasons.

. Ordinance No. 2263 was enacted pursuant to the specific legislative authorization of La.R.S. 33:4852, which provides:
*743 “Police juries may suppress and prohibit gambling with cards, or any card game by whatever name the game may be called, at which anything of value is pledged, bet, or hazarded. This Section shall not apply to any private game played in a private home occupied by a family as such, or game in private clubs, conducted without rake-off for gain.”

. La.R.S. 14:90 provides:
“A. Gambling is the intentional conducting, or directly assisting in the conducting, as a business, of any game, contest, lottery, or contrivance whereby a person risks the loss of anything of value in order to realize a profit.
* * * * * *
“Whoever commits the crime of gambling shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both.”

. La. Const. Art. XII, § 6 (1974) provides in pertinent part:
“Gambling shall be defined by and suppressed by the legislature.”

. At a hearing on motions filed by defendant, the evidence established that deputies raided a card game in progress in the trailer, having been signaled by an undercover deputy inside the trailer. Cards and varying sums of money were on the table in front of each player. The undercover deputy testified that he had played in several games of poker over a two-week period and had seen defendant “cut from the pot” over 30 times during the games.

. Although the undercover deputy had seen defendant “rake off” from the “pot”, defendant was charged merely with gambling with cards. He was not charged under the ordinance with conducting a “rake off” from a game in a private home or private club. Nor was he charged under La.R.S. 14:90 with conducting a gambling game with cards “as a business”.
The state asserts in brief that defendant has conceded the trailer in which the games took place was not a “private home” or a “private club”. However, the state was not required to negative the private home or club exception in the bill of information, which is the only thing before the court for consideration at the present time. See La.C.Cr.P. Art. 479.

. Defendant did not challenge the sufficiency of the charging document, although the bill merely tracked the language of the statute and further charged in a “disjunctive” fashion. See State v. Gainey, 376 So.2d 1240 (La.1979); La. C.Cr.P. Art. 480.

. “Gambling” is defined in Webster’s Third New International Dictionary 932 (1971) to include any playing for money or wagering, and not simply wagering as a business. The legislative definition in La.R.S. 14:90 is clearly more limited than the general definition of “gambling” in that the offense does not include “non-business conduct”. State v. Kaufman, above.