491 So.2d 377 (1986)
CITY OF SHREVEPORT
v.
Sam RESTIVO.
No. 85-KA-1907.
Supreme Court of Louisiana.
July 7, 1986.
Rehearing Denied September 4, 1986.
*378 William Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Charles Peatross, City Atty., Donald Martin, Asst. City Atty., for appellant.
Roy Brun, Shreveport, for appellee.
LEMMON[*], Justice.
This is an appeal from a judgment of the City Court of Shreveport which declared unconstitutional certain provisions of the Shreveport Comprehensive Building Code, adopted by Ordinance No. 154 of 1980. The issue is whether the City may prohibit a person licensed by the State as a journeyman plumber from engaging in the business of plumbing unless he either has been licensed by the City as a master plumber or is employed by a firm, partnership or corporation which has a member that has been so licensed.
Defendant was charged by affidavit with violating Sections 102.1, 110.1 and 117.1 of the Shreveport Comprehensive Building Code "by performing plumbing work without a license" at a specified time and place. He filed a motion to quash, asserting among other things that the ordinance conflicted with La.R.S. 37:1367, 1368, 1375 and 1377 with respect to the type of work a journeyman plumber may do and therefore constituted an effort by the City to regulate a field preempted by state law. The motion further asserted that the ordinance was not a legitimate exercise of the City's police power.
The city court granted the motion to quash, concluding that the ordinance was unconstitutional because it proscribed conduct permitted by the state statute and was not a valid exercise of the City's police power. The City then filed this appeal under La. Const. Art. V § 5(D) (1974).
The record contains no evidence whatsoever. However, defendant's brief states that he was accused of violating Section 102.1 by fixing a leaking lavatory without a master plumber's license.[1] Section 102.1 provides:
"No individual, firm, partnership or corporation shall engage in the business of plumbing or gas piping in the City of Shreveport unless the individual or a member of the firm, partnership or corporation has been licensed as a Master Plumber under the provisions of this ordinance."
In determining the issues raised, we first undertake an analysis of the other pertinent provisions of the ordinance. Part 2 of the ordinance is known as the Plumbing and Gas Piping Code. The Code is expressly applicable to "every plumbing and gas piping installation, including alterations, repairs...." Section 102, regulating required licenses, includes Section 102.1, which defendant is charged with violating, and Section 102.4, which prohibits an individual from engaging in the "practice of installing plumbing work in the City of Shreveport unless licensed as a journeyman plumber" in accordance with the ordinance. Section 103.7 provides for master plumber license examinations and permits any person desiring a license to submit an application and take a written examination. Section 106 regulates journeyman and apprentice *379 plumber licenses, requiring an applicant for a journeyman's license to present evidence of having passed the Louisiana State Journeyman Plumber's examination.
A brief analysis of the pertinent provisions of state statutory law is also appropriate. The occupation of plumbing is generally regulated by La.R.S. 37:1361 et seq. Section 1366 A requires the State Plumbing Board to "adopt tests of qualification to be possessed by any persons actually engaged in plumbing installation or plumbing work of any character; and see that any person engaged in the duties of a journeyman plumber shall possess a journeyman plumber's license". Section 1367 provides that "[n]o natural person shall engage in doing the work of a journeyman plumber unless he possesses a license" issued by the Board. Section 1368 requires the Board to issue a journeyman plumber's license to any person who qualifies under the Board's regulations and passes the written and manual examination given by the Board.[2] Section 1373 authorizes the Board to enjoin any person from engaging in doing the work of a journeyman plumber in violation of the Chapter. Section 1375 makes the Chapter applicable to all cities within the state. Section 1377 defines master plumber and journeyman plumber as follows:
"A. Master plumber: A master plumber is a natural person who possesses the necessary qualifications and knowledge to plan, lay out and supervise the installation, alteration, and/or repair of plumbing systems.
"B. Journeyman plumber: A journeyman plumber is a natural person who possesses the necessary qualifications and knowledge to install, alter, and/or repair plumbing systems and is licensed as such by the Louisiana State Board of Examiners of Journeymen Plumbers."
Thus, the Legislature has authorized the State Plumbing Board to give written and manual examinations for journeyman plumbers and to issue licenses to those who pass the examination and otherwise qualify for the license. However, the Legislature has not undertaken to regulate the issuance of licenses to master plumbers.[3]
The City Code recognizes the journeyman plumber's license issued by the State Plumbing Board and imposes no further requirements for the issuance of a license by the City except for payment of a small licensing fee. While defendant does not complain that the City has refused to issue him a journeyman plumber's license, he does find fault (in addition to his attack on Section 102.1) with the City Code's requirement that a person applying for a master plumber's license pass a written examination given by the Plumbing Inspector.[4] However, since neither the Legislature nor the State Plumbing Board has provided for testing the qualifications of those persons desiring to progress to the status of a master plumber, it appears that the state has not preempted this area of regulation *380 and that there is no conflict between the City Code and the state law in this respect. But it is not necessary to decide that issue in order to affirm the City Court's granting the motion to quash.
The critical issue involves the Code's prohibition against a journeyman plumber's engaging in any manner in the business of plumbing, although he holds an occupational license from the State, unless he or a member of his firm is licensed as a master plumber. Therein lies a possible conflict between the Code and the statutes, but the issue is more appropriately addressed in terms of the reasonable exercise of the City's police power.
Police power is the power of a governmental body to impose laws and regulations which are reasonably related to the protection or promotion of a public good such as health, safety or welfare. City of Shreveport v. Curry, 357 So.2d 1078, 1079 (La.1978). The business of plumbing is so intimately connected with the public health as to be generally the proper subject of regulation under the police power of the governing authority. State v. Malory, 168 La. 742, 123 So. 310 (1929). However, it is also necessary to determine whether the section under scrutiny is reasonably related to some objective concerned with public health.
As previously stated, there was no evidence whatsoever in the record. Moreover, there is no apparent reason related to the public health why a licensed journeyman plumber cannot engage in the business of plumbing to the extent of repairing a leaking lavatory without being a master plumber or being in a firm with a master plumber.[5] The Code recognizes that such work does not even necessitate the issuance of a permit. The same objective which apparently prompted the City to require licensing of master plumbers cannot be said to warrant requiring a master plumber's license to fix a leaking lavatory.
On the narrow issue presented in this case, we hold that the City of Shreveport may not enforce Section 102.1 against a licensed journeyman plumber who engages in the plumbing business to the extent of repairing a leaking lavatory.
The judgment of the city court granting the motion to quash is affirmed.
NOTES
[*] Blanche, J., retired, participated in this case ad hoc in place of Cole, J., the matter having been heard and submitted before Justice Cole replaced Justice Blanche on the Court.
[1] The affidavit also charged defendant with violating Sections 110.1 and Section 117.1. Section 110.1 generally prohibits plumbing and gas piping work without a permit issued by the Plumbing Inspector and provides that a permit may be issued only to a licensed master plumber. Since Section 111.2 provides that a permit is not required for "[r]epairs involving only the working parts of a faucet or valve, the clearance of stoppages, repairing leaks, or replacement of defective faucets or valves", defendant's repair of the leaking lavatory apparently did not require a permit.

Section 117.1 simply states that a violation of the requirements of the Code constitutes a misdemeanor.
[2] Section IV of the Board's Rules and Regulations provides the requirements for taking a journeyman plumber's examination and requires that quarterly examinations be given.
[3] The statutes define master plumber and journeyman plumber in general terms relating to the qualifications possessed by each category of plumber. While one of the statutorily prescribed duties of the Board is to adopt tests of qualifications to be possessed by any person actually engaged in plumbing work of any character, neither the Legislature nor the Board has set about providing for the progression of a plumber from journeyman to master status. Arguably, this omission recognizes that municipalities, parishes and sewerage and water districts have varying codes governing the design, construction and maintenance of plumbing systems and that the local authorities should be vested with the power to examine applicants and to issue licenses for master plumbers who are defined by statute as qualified "to plan, lay out and supervise the installation, alteration and/or repair of plumbing systems". La.R.S. 37:1377 A.
[4] Defendant hints in brief at the probable true basis of his complaint when he states that the test for a master plumber's license is designed by a board consisting of competing plumbers and resembles "the twelve trials of Hercules". However, there was no allegation in the motion to quash that the ordinance was being applied on an unconstitutional basis, and no evidence was introduced at the trial of the motion. Therefore, that issue is not before this court.
[5] The Supreme Court of Illinois, in declaring a similar statute unconstitutional, stated:

"Common knowledge and experience suggest no connecting link between considerations of public health and the requirement of the act that all plumbing workof whatever kind or degree in complexitywhich is done by a licensed journeyman plumber must be done under the supervision of a master plumber".
Schroeder v. Binks, 415 Ill. 192, 113 N.E.2d 169, 171 (1953).