566 So.2d 669 (1990)
Sam RESTIVO, Plaintiff-Appellant,
v.
CITY OF SHREVEPORT, et al., Defendants-Appellees.
No. 21692-CA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1990.
Roy L. Brun, Shreveport, for plaintiff-appellant.
Charles C. Grubb, Shreveport City Atty. by John M. Frazier, Shreveport, for defendants-appellees.
Before SEXTON, NORRIS and LINDSAY, JJ.
SEXTON, Judge.
Plaintiff appeals an adverse judgment in his suit challenging a Shreveport city ordinance and the actions of agents of the city thereunder. We affirm.
Plaintiff-appellant, Sam Restivo, filed suit on August 23, 1985, against the City of Shreveport, members of the Plumbing Board of the City of Shreveport, and various plumbing inspectors of the City of Shreveport. Plaintiff is a Louisiana journeyman plumber, properly tested and licensed by the Louisiana State Plumbing Board. In its prayer, plaintiff's petition sought a judgment declaring that he may "install, alter and/or repair plumbing systems in accordance with state law in the corporate limits of the City of Shreveport and further why a preliminary and in due course permanent injunction enjoining Defendants from further interference with Plaintiff's livelihood of installing, altering and/or repairing plumbing systems should not be granted."
Additionally, plaintiff sought significant damages under 42 U.S.C. §§ 1983 and 1985. Specifically, in paragraph 51 of his petition, plaintiff claims that "[d]efendants have acted together in a joint plan or conspiracy to deny him certain rights, privileges, and immunities under color of law within the meaning of 42 U.S.C. 1983 and 1985 and *670 specifically the right of Due Process of Law and Equal Protection of the Law."[1]
Plaintiff's primary contention is that the City of Shreveport persists in a policy and course of conduct that conflicts with state law in that the city refuses to allow licensed journeyman plumbers to practice plumbing unless employed by a master plumber or unless the journeyman plumber also becomes a master plumber as defined by the city. Thus, the plaintiff contends that the state has preempted the field and that the city may not adopt statutes that preclude him from working independently as a journeyman plumber.
LSA-R.S. 37:1366, et seq. is the section of the state statutes concerning regulation of plumbing. LSA-R.S. 37:1377 provides the definitions of "journeyman plumber" and "master plumber" as follows:
A. Master plumber: A master plumber is a natural person who possesses the necessary qualifications and knowledge to plan, lay out and supervise the installation, alteration, and/or repair of plumbing systems.
B. Journeyman plumber: A journeyman plumber is a natural person who possesses the necessary qualifications and knowledge to install, alter, and/or repair plumbing systems and is licensed as such by the Louisiana State Board of Examiners of Journeymen Plumbers.
The State of Louisiana tests and licenses only journeyman plumbers and merely provides that a master plumber is a plumber "who possesses the necessary qualifications and knowledge...."
The record reflects that various cities throughout the state have adopted codes to govern the design, installation, and maintenance of plumbing systems. Shreveport's current ordinance[2] contains the following definitions of master and journeyman plumbers:
101.6 DEFINITIONS
(a) MASTER PLUMBER: A Master Plumber is a natural person who possesses the necessary qualifications and knowledge to plan, lay out and supervise the installation, alteration, and/or repair of plumbing systems according to the Shreveport Plumbing and Gas Piping Code and is licensed by the City of Shreveport.
(b) COTTAGE MASTER PLUMBER: A Cottage Master Plumber is a natural person who possesses the necessary qualifications and knowledge to plan, lay out and supervise the installation, alteration and/or repair of plumbing systems for one-, two- or three-family residences and one-story commercial buildings, with 5,000 square feet or less of total building space according to the Shreveport Plumbing and Gas Piping Code and is licensed by the City of Shreveport.
(c) JOURNEYMAN PLUMBER: A Journeyman Plumber is a natural person who possesses the necessary qualifications and knowledge to install, alter and/or repair plumbing systems and is licensed as such by the Louisiana State Plumbing Board and registered with the City of Shreveport.
. . . .
Further, Section 103.1 of the Plumbing Code provides that no one may install, alter or repair plumbing or gas piping unless supervised by a master plumber.[3]
Plaintiff's contention then is that he, as a licensed state journeyman plumber, should *671 be able to practice his trade independently within Shreveport city limits. Because plaintiff had not passed the Shreveport Master Plumber Exam nor desired to work in the employ of a Shreveport master plumber, he claimed that the City of Shreveport refused to issue the necessary work permits to him and refused to inspect his work, thereby effectively stopping him from doing journeyman plumber work.
The trial court in its written opinion declared that the former city plumbing code and the new code enacted by Ordinance No. 61 of 1987 were not preempted by state law, that they were a valid exercise of the city's police power, and that they were "reasonably related to an objective of public health" in that they served to protect Shreveport's water supply. Accordingly, plaintiff's claim for an injunction was denied. The court also rejected plaintiff's claims that he had been harassed by the city and its officials on the job. Thus, the court found that the ordinance was valid and that the city officials had acted within the terms of the ordinance and also rejected plaintiff's demands for damages. The plaintiff now appeals.
It is well settled that a municipality is without authority to enact ordinances which are inconsistent or in contravention with state law. State ex rel. Corbello v. Bond, 441 So.2d 742 (La.1983); Rollins Environmental Services of Louisiana, Inc. v. Iberville Parish Police Jury, 371 So.2d 1127 (La.1979); National Food Stores of Louisiana, Inc. v. Cefalu, 280 So.2d 903 (La.1973); Lentini v. City of Kenner, 252 La. 413, 211 So.2d 311 (1968); City of Minden v. Davis Brothers Drug Company, 195 La. 791, 197 So. 505 (1940); City of Lake Charles v. Broussard, 475 So.2d 411 (La.App. 3rd Cir.1985). A municipal ordinance which goes farther in its prohibitions than a state statute is valid so long as it does not forbid what the state legislature has expressly or implicitly authorized. City of Shreveport v. Curry, 357 So.2d 1078 (La.1978); National Food Stores of Louisiana, Inc. v. Cefalu, supra.
By definition, the State of Louisiana provides that a "Master Plumber" is a plumber who "possesses the necessary qualifications and knowledge to plan, lay out and supervise the installation, alteration and/or repair of plumbing systems." LSA-R.S. 37:1377 A. Although the state provides for the licensing and testing of journeyman plumbers in LSA-R.S. 37:1377 B, the state clearly neither tests nor licenses master plumbers. The Louisiana Supreme Court, in a related criminal case, City of Shreveport v. Restivo, 491 So.2d 377 (La.1986), although not rendering a decision on that basis, addressed and dismissed the contention of plaintiff that the state of Louisiana has preempted plumbing regulation as to master plumbers.[4]
However, since neither the Legislature nor the State Plumbing Board has provided for testing the qualifications of those persons desiring to progress to the status of a master plumber, it appears that the state has not preempted this area of regulation and that there is no conflict between the City Code and the state law in this respect. But it is not necessary to decide that issue in order to affirm the City Court's granting the motion to quash.
City of Shreveport v. Restivo, supra at 379.
We therefore agree with the trial court's well-reasoned opinion which pointed out the absence of a conflict between the city code and state law. We quote from that opinion in pertinent part:
The State of Louisiana is concerned that journeyman plumbers have the necessary *672 qualifications and knowledge to install or alter or repair plumbing systems within the borders of the state. This includes many rural areas, small towns, as well as larger cities. The City Council of Shreveport, has the obligation and responsibility to protect Shreveport's water supply. Contamination of the water supply would be a disaster for the entire city. Therefore, the City Council of Shreveport has adopted, as part of the Plumbing Code, a requirement that except for specific repairs as stated in the Code, journeyman plumbers must be supervised by a master plumber. Defendant's exhibits 5, 6, and 7 show that the cities of New Orleans, Lake Charles, and Gretna also have a similar requirement. The Louisiana Supreme Court has recognized that the business of plumbing is so intimately connected with the public health as to be generally the proper subject of regulation under the police power of the governing authority, especially in large population centers. State v. Malory, 168 La. 742, 123 So. 310 (La.1929).
From the evidence produced at trial, it is apparent that a master plumber who has the training and ability to plan and layout [sic] plumbing systems, sanitation systems, boiler systems, heaters, etc., and read blueprints, understands the reasons why good plumbing is done the way it is done, has been tested on the details of the Southern Plumbing Code, knows the rules and regulations set out by the state and the city, and knows the dangers associated with the contamination of the public water system in a large city.
The evidence shows that the state test for journeyman plumbers is primarily a test of a basic knowledge of plumbing. It includes a "hands on" exam of how to do basic plumbing. A journeyman plumber is one whose job is the practical installation of plumbing. However, a master plumber is skilled in all aspects of plumbing, including planning and supervising all plumbing jobs, reading charts, and reading specifications to a degree not required of a journeyman plumber who does the actual work.
Without a doubt, the City of Shreveport has a duty to protect the water and sanitation system of its inhabitants. See Section 101.3 "Purpose" of Ordinance No. 61 of 1987. Merely because a journeyman plumber has passed the State's requirements to do the actual work of installing, altering and/or repairing plumbing, does not mean the City cannot exercise its police power to require the journeyman's work to be supervised within the city limits. There is nothing in the record to suggest that a licensed journeyman plumber is as qualified as a master plumber to handle major plumbing jobs, such as multi-story buildings, industrial, and commercial in a large city. In fact, the current Shreveport Plumbing Code now recognizes two categories of master plumbersthe general master and the cottage master. A cottage master plumber is also restricted in what he may do by the ordinance. See Section 103.2(a)(2).
The evidence fails to prove that the City and/or the Board have designed a system to protect existing master plumbers and to keep journeyman plumbers and other qualified applicants from becoming master plumbers....
The Court finds that the former city plumbing code and the new code enacted by Ordinance Number 61 of 1987 insofar as they require a journeyman plumber to be supervised by a master plumber are reasonably related to an objective of public health and are within the proper exercise of the police power of the city.
Finally, plaintiff contends that the trial court perceived an ambiguity in the state plumbing law and interpreted that ambiguity in such a manner as to give it "an unconstitutional effect." Specifically, plaintiff claims that the trial court was wrong in finding that LSA-R.S. 37:1377 requires that a journeyman plumber must be supervised by a master plumber.
However, as defendants-appellees note in brief, the trial court merely made the observation that it found certain aspects of the state statutory scheme to be "disturbing." The remarks were clearly gratuitous *673 and, as the trial court noted in making this observation, the point addressed was "not at issue in this lawsuit." Even if the observation was correct, it is less than clear that the trial court was speculating on the possible unconstitutionality of the statute. However, we need not address these remarks of the trial court. They were unnecessary to the conclusion reached there and are unrelated to the issues presented here.
For the foregoing reasons, the trial court judgment is affirmed at the cost of appellant.
AFFIRMED.
NOTES
[1] The federal law cited by plaintiff allows an action against anyone acting under color of state law that violates any rights guaranteed by the United States Constitution or a federal statute.
[2] Shreveport's plumbing code was amended and reenacted by Ordinance No. 61 of 1987 (the "new ordinance") which became effective June 13, 1987. Plaintiff-appellant never amended the lawsuit to allege that the new ordinance had been passed and should be enjoined. However, because of the similarity between the 1987 ordinance and the prior one, along with the result which we reach in this case, we decline defendants-appellees' invitation to declare the injunction and declaratory judgment issues moot.
[3] It should be noted, however, that the current city plumbing code at Section 111.6 exempts repairs and replacements of faucets and valves, the clearing of stoppages, and the repairing of leaks provided no changes are made in the piping to the fixture by the journeyman plumber.
[4] This earlier Restivo case was a related criminal charge against the plaintiff. The instant case is distinguishable from the narrow issue presented to the Louisiana Supreme Court in the earlier case. In that case, the court held that the city of Shreveport may not enforce Section 102.1 against a licensed journeyman plumber who engages in the plumbing business to the extent of repairing a leaky lavatory. (This criminal case was prosecuted under Shreveport's previous plumbing code which did not have the repair exception of the current section 111.6, referenced in footnote 3.) Unlike that case, where there was no evidence whatsoever in the record, this case involves the broader aspects of the regulation of the plumbing business with a full record showing how the system operates.