Dear Mayor Cole:
This office is in receipt of your request for an opinion of the Attorney General in regard to the validity of certain ordinances. You ask the following questions:
 1. Can the Town Council pass an ordinance banning the elected Town Police Chief from using a trained K-9 dog.
 2. Can an ordinance be passed that is contrary to state law.
In regard to your first question you ask that this office expound on Opinion No. 93-580 which stated the elected chief of police has the inherent authority to control and administer police department property and funds, but the expenditure of funds can only be made subject to a specific appropriation authorized by a municipal ordinance.
We see R.S. 33:1438 permits a sheriff, with the approval of the district judge, to keep not more than four dogs for tracing and pursuing criminals, and R.S. 3:1439 provides the dogs shall be purchased at the expense of the parish at a price not to exceed $500 per dog, and the sheriff be allowed by the parish $20 per month per dog for maintenance. To relate this to your question and Opinion No. 93-508, it demonstrates there would have to be an appropriation by the Board of Alderman for the purchase and maintenance of a K-9 dog. After an appropriation the use of the dog would generally be in the control of the chief of police who has the authority to administer the day to day operations of the police department. However, the Board of Aldermen, under its legislative power, may refuse such an appropriation and in its legislative power it can pass an ordinance regulating the use of municipal property. This office has often recognized the power of the Board of Aldermen to regulate the use of police vehicles, and a K-9 dog would be no different.
In answer to your second question whether an ordinance can be passed that is contrary to state law, we must answer it cannot. The court in Restivo v. City of Shreveport, 566 So.2d 669
(La.App. 1990) stated as follows:
 It is well settled that a municipality is without authority to enact ordinances which are inconsistent or in contravention with state law. * * * A municipal ordinance which goes farther in prohibition than a state statute is valid so long as it does not forbid what the state legislature has expressly or implicitly authorized. City of Shreveport v. Curry, 357 So.2d 1078 (La. 1978); National Food Stores of La, Inc. v. Cefalu, 280 So.2d 903
(La. 1973).
We hope this sufficiently answers your questions, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR