Dear Representative Holden:
This office is in receipt of your opinion request concerning local ordinances affecting retail beer and liquor permits. The ordinances in question are Article II, Section 10-44 and Section 10-65 of the Shreveport Code.
Section 10-44, in pertinent part, reads:
 (a) Applicants for alcoholic beverage permits of all kinds shall meet the following qualifications and conditions:
 (1) Is a person of good character and reputation and 21 years of age or older.
Section 10-65, in part, states:
 (a) No person holding a retail dealer's permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises:
* * * * *
 (3) Intentionally entice, aid or permit any person under the age of 21 years to visit or loiter in or about any place where alcoholic beverages are the principal commodities sold, handled or given away. Provided, that this section shall not apply to any person under 21 years of age when such person is accompanied by such person's parent or legal guardian who is 21 years of age or older, and shall not apply to persons lawfully employed by the retail dealer in accordance with subsection (9) of this section.
You ask the following questions:
 1. Can a municipality or police jury pass an ordinance prohibiting the issuance of a retail beer or liquor permit to a person under 21 but over 18 years of age?
 2. Can a municipality or police jury pass an ordinance prohibiting a person under 21 but 18 years of age or older from entering a place where alcohol is a major commodity sold or given away?
"It is well settled that a municipality is without authority to enact ordinances which are inconsistent or in contravention with state law." Restivo v. City of Shreveport, 566 So.2d 669,671 (2nd Cir. Ct. App. 1990). "A municipal ordinance which goes farther in its prohibitions than a state statute is valid so long as it does not forbid what the state legislature has expressly or implicitly authorized." Id.
As you know, the Louisiana Legislature recently amended LSA-R.S.14:93.10 through 93.14 to prohibit the sale, purchase and public possession of alcoholic beverages to and by persons under twenty-one years of age. In answer to your first question, we direct you to LSA-R.S. 14:93.11(A) which provides:
 Unlawful sales to persons under twenty-one is the selling or otherwise delivering for value of any alcoholic beverage to any person under twenty-one years of age unless such person is the lawful owner or lawful employee of an establishment to which the sale is being made and is accepting such delivery pursuant to such ownership or employment. Lack of knowledge of such person's age shall not be a defense.
This statute clearly provides an exception to the general rule barring individuals under the age of twenty-one from receiving the delivery of alcoholic beverages. This includes those under 21 but 18 years or older that apply for a liquor license as an owner or employee of the establishment. This change in the law was made by the Legislature during the First Extraordinary Session of 1996 in order to address the concerns that the old law may be interpreted to allow ordinances such as the one at issue to bar individuals under 21 but 18 years of age or older from owning or working as an employee of an establishment which, as part of its service, dispenses alcohol.
The Legislature has explicitly authorized that a person under the age of twenty-one years of age may be a proprietor or employee of an establishment licensed to dispense alcoholic beverages. Therefore, Section 10-44(a)(1) of the Shreveport Code is directly in contravention of state law and has no effect.
Your second question asks whether a municipality can, by ordinance, bar access of those under 21 but 18 years of age or older to licensed premises where alcoholic beverages are the principal commodities.
LSA-R.S. 26:90, in part, provides:
 A. No person holding a retail dealer's permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises:
* * * * *
 (3)(a) Intentionally entice, aid, or permit any person under the age of eighteen years to visit or loiter in or about any place where alcoholic beverages or beer are the principal commodities sold, handled, or given away. . . .
LSA-R.S. 26:286(A)(3)(a) has identical provisions.
LSA-R.S. 26:90(A)(3)(a) and 26:286(A)(3)(a) clearly set the threshold age at eighteen years of age to legally enter an establishment where alcohol is a major commodity. Shreveport Code 10-65(a)(3) further prohibits eighteen, nineteen, and twenty year-olds from entering these establishments.
LSA-R.S. 26:493 allows local political subdivisions to regulate the sale of alcoholic beverages and provides:
 Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. Local subdivisions, in adopting these regulatory ordinances, may provide, in addition to the ordinary penalties authorized by law for their violation, provisions which subject the permittee to having his permit suspended or revoked in the manner provided by law for the suspension or revocation of permits.
It is generally recognized that municipalities have the authority pursuant to LSA-R.S. 26:493 to enact ordinances for the regulation of the retail liquor business to the extent necessary for the protection of the public health, morals, safety and peace. City of Lafayette v. Elias, 232 La. 700, 706,95 So.2d 281, 282 (La. 1957). While a municipality cannot permit what a statute forbids or forbid what a statute expressly permits, the Louisiana Supreme Court has held:
 [A] municipality with subordinate authority to legislate on the subject may make such new and additional regulations in furtherance of the purpose of the state law as may seem fit and appropriate to the necessities of the locality and be not in themselves unreasonable. State ex rel. Sutton v. Caldwell, 195 La. 507, 518, 197 So. 214 (La. 1940).
In City of Lafayette v. Elias, supra, the Louisiana Supreme Court was presented with a constitutional challenge to a Lafayette ordinance prohibiting the sale of beverages to all persons under the age of 21 years. The only question before them was — "Can a municipality validly enact a penal ordinance prohibiting the sale of beverages of a low alcoholic content to all persons under the age of twenty-one years, when the State law forbids such sales only to persons under the age of eighteen years?"
The grounds for the reasonableness of the ordinance were discussed at length and involved what constitutes properly exercised regulatory authority, the community's welfare, and the socio-geographical make-up of the population. The Court found the ordinance to be a regulation appropriate to the necessities of the locality and not in itself unreasonable.
The ordinance at issue, Section 10-65 is a regulation disallowing persons under the age of 21 years of age to "visit or loiter in or about any place where alcoholic beverages are the principal commodities sold, handled, or given away."
Shreveport has determined this ordinance to be appropriate for the necessities of its locality. The reasonableness of the statute is apparent in that it furthers the purpose of LSA-R.S.14:93.10-93:14 by deterring the potential for the illegal purchase or distribution of alcohol in these establishments to those under 21.
However, we must emphasize that this regulation applies only to establishments where alcohol is primarily or exclusively sold. This ordinance should not be interpreted to apply to those premises that serve alcohol as only part of food service, such as a restaurant-bar.
I trust this assists you in your concerns. Please contact this office should you require further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI/CMF/vlh
Date Received: 6/25/96
Date Released:
CARLOS M. FINALET, III Assistant Attorney General