Dear Mayor Roberts:
You have requested an opinion of the Attorney General regarding whether the City of DeRidder may enact a ban by local ordinance on the use of any and all tobacco products by persons in unenclosed areas of city-owned parks.
The Louisiana Smokefree Air Act (hereinafter "the Act") is comprised of La. R.S. 40:1300.251 through 40:1300.263. The Act's effective date was January 1, 2007.
The Act prohibits smoking in most indoor areas open to the public. La. R.S. 40:1300.256A lays out these general smoking prohibitions and provides as follows:
 A. Except as permitted by Subsection B of this Section, no person shall:
 (1) Smoke in any public building.
 (2) Smoke in any school.
 (3) Smoke in any public place and in any enclosed area within a place of employment.
 (4) As an employer, knowingly permit smoking in any enclosed area within a place of employment
La. R.S. 40:1300.256B then provides a list of exemptions to the general smoking prohibitions.
The Act's restrictions focus on enclosed areas. According to the definitions laid forth in R.S. 40:1300.252, a "public place" refers to an enclosed area. R.S. 40:1300.252(9) provides the following: *Page 2 
 (9) "Public place" means an enclosed area to which the public is invited or in which the public is permitted which is not a public building, including but not limited to banks, educational facilities, health care facilities, hotel and motel lobbies, laundromats, public transportation facilities, reception areas, restaurants, retail food production and marketing establishments, retail service establishments, retail stores, shopping malls, sports arenas, theaters, and waiting rooms.
An "enclosed area" is defined in R.S. 40:1300.253(5) as follows:
 (5) "Enclosed area" means all space between a floor and ceiling that is enclosed on all sides by solid walls or windows, exclusive of doorways, which extend from the floor to the ceiling.
The Act solely restricts "smoking" tobacco, not smokeless tobacco. "Smoking" is defined in R.S. 40:1300.253(5) as follows:
 (14) "Smoking" means inhaling, exhaling, burning, carrying, or possessing any lighted tobacco product, including cigarettes, cigars, pipe tobacco, and any other lighted combustible plant material.
The Act only focuses on smoking tobacco and states its purpose, as provided in R.S. 40:1300.252, as follows:
 The legislature finds and determines that it is in the best interest of the people of this state to protect nonsmokers from involuntary exposure to secondhand smoke in most indoor areas open to the public, public meetings, restaurants, and places of employment. The legislature further finds and determines that a balance should be struck between the health concerns of nonconsumers of tobacco products and the need to minimize unwarranted governmental intrusion into and regulation of private spheres of conduct and choice with respect to the use or nonuse of tobacco products in certain designated public areas and in private places. Therefore, the legislature hereby declares that the purpose of this Part is to preserve and improve the health, comfort, and environment of the people of this state by limiting exposure to tobacco smoke.
Because the Act only restricts smoking tobacco in enclosed public areas, it does not restrict smoking in unenclosed areas such as ball parks, swimming pool areas, playgrounds and walking trails etc. The Act, however, does provide that a city may go farther in their restrictions. La. R.S. 40:1300.256D states as follows: *Page 3 
 D. Nothing in this Part shall be construed to restrict the power of any parish, city, town, or village to adopt and enforce additional local laws, ordinances, or regulations that comply with at least the minimum applicable standards to establish smokefree public places as set forth in this Part.
"It is well settled that a municipality is without authority to enact ordinances which are inconsistent or in contravention with state law."Restivo v. City of Shreveport, 566 So.2d 669, 671 (La.App. 2nd Cir. App. 1990). "A municipal ordinance which goes further in its prohibitions than a state statute is valid so long as it does not forbid what the state legislature has expressly or implicitly authorized." Id.
The substantive due process guarantees of the Fifth and Fourteenth
Amendments of the U.S. Constitution and La. Const. Art. I, Sec. 2 (1974) provide that no person shall be deprived of life, liberty, or property, except by due process of law. Substantive due process rights are balanced against the police power of a governing authority to protect the health, safety, morals and general welfare of the people.
A city ordinance that restricts smoking tobacco in city-owned parks does not constitute an unreasonable action. It is rationally related to the legitimate government interest of protecting nonsmokers from the involuntary exposure to secondhand smoke. It is directly related to the welfare of citizens, thus, it would not violate due process.
However, it is this office's opinion that a city ordinance restricting the use of smokeless products in city-owned parks would constitute an unreasonable action as there is no legitimate government interest in this restriction and could possibly constitute an unwarranted governmental intrusion into the private spheres of conduct and choice of individual citizens.
Note, however, that a city ordinance, like a state statute, is presumed to be constitutional and the party who attacks it has the burden of establishing by clear and cogent evidence that the ordinance is unconstitutional. This rule is strictly observed in cases involving ordinances enacted in the exercise of a city's police power. See WestCent. La. Entertainment v. Leesville, 594 So.2d 973 (La.App. 3rd Cir.1992).
Accordingly, it is the opinion of this office that the City of DeRidder may enact a ban by local ordinance on the use of smoking tobacco by persons in unenclosed areas of city-owned parks, but may be constitutionally limited in enacting a ban on the use of smokeless products. *Page 4 
We hope this opinion has sufficiently addressed your concerns. If you have any questions or comments, please do not hesitate to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
 JDC/CHB, Jr./mt