Dear Mr. Picard:
This is in response to your request of December 10, 2008, regarding the jurisdiction of the City Court of Lafayette and those who can elect the judges and marshal of the court.
You have provided the following facts: The City of Carencro has annexed an area known as French Colony, which is located in the Third Ward of Lafayette Parish. The remainder of Carencro is located in the Sixth Ward of Lafayette Parish. Carencro has no city court, and there are two justices of the peace and two constables in the Sixth Ward.
Since your request concerns only the justice of the peace courts in the Sixth Ward, then it is assumed, for purposes of this opinion, that there are no justice of the peace courts in the Third Ward of Lafayette Parish.
You have asked the following questions, which are addressed in order:
1. Does the City Court of Lafayette maintain jurisdiction in all ofthe third ward area annexed into the City of Carencro? *Page 2 
The City Court of Lafayette was recognized and continued in existence by Acts 1960, No. 32, § 3, eff. Jan. 1, 1961, La.R.S. 13:1952, which reads, in pertinent part, as follows:
 The following city courts . . . are hereby recognized and continued in existence and, except as otherwise provided in this Section, their territorial jurisdiction shall extend through the city and ward or wards wherein the city in which they are domiciled is located, as extended from time to time:
 . . . .
 The city court of Lafayette, domiciled in the city of Lafayette, having two city judges and a city marshal; its territorial jurisdiction shall extend over all territory which is now or hereafter included within the corporate limits of the city of Lafayette and throughout the third and tenth wards of the parish of Lafayette.
 Whenever the corporate limits of the city of Lafayette are extended into a justice of the peace ward, that portion of any such justice of the peace ward, not included within the city of Lafayette, shall remain under the jurisdiction of the justice of the peace.
Under the above statute, the territorial jurisdiction of the Court extends throughout the Third and Tenth Wards of Lafayette Parish. This office has found no acts of the legislature which concern the annexation of French Colony by the City of Carencro. Said annexation was not done by legislative act, but by local ordinance only. A state statute takes precedence over any and all local ordinances, and state statutes cannot be modified by any inconsistent local ordinances. It is well settled that local government is without authority to enact ordinances which are inconsistent with or in contravention of state law. Restivo v. City ofShreveport, 566 So.2d 669 (La.App. 2 Cir. 1990); State ex rel. Corbellov. Bond, 441 So.2d 742 (La. 1983); Rollins Environmental Services ofLouisiana, Inc. v. Iberville Parish Police Jury, 371 So.2d 1127 (La. 1979); City of Lake Charles v. Broussard, 475 So.2d 411 (La.App. 3 Cir. 1985); McSweeney v. Louisiana Board of Veterinary Medicine, 555 So.2d 469
(La. 1990); Bourgere v. Anzelmo, 517 So.2d 1121 (La.App. 5 Cir. 1987); Opinion No. 86-33.
Further, La.Const. Art. VI, § 25 states that the courts and their officers may be established or affected only as provided in Article V of the constitution, which concerns the judicial branch of state government. In Kimball v. Allstate Ins. Co., 1997-2885 *Page 3 
(La. 4/14/98); 712 So.2d 46 at pp. 61-62, the court stated that, "It seems clear Art. VI, § 25 was intended to prohibit local governments from establishing new courts or affecting the jurisdiction, administration or internal workings of existing lower courts." See also P G Retailers,Inc. v. Wright, 590 So.2d 1272 (La.App. 1 Cir. 1991).
Therefore, regardless of the annexation of French Colony by the City of Carencro, the territorial jurisdiction of the Court, as defined and specified by the legislature, remains unchanged.
The City Court of Lafayette maintains jurisdiction in the entire ThirdWard, including the Third Ward area annexed into the City of Carencro.
 2. Does this annexation create overlapping jurisdiction between theCity Court of Lafayette and justice of the peace courts in the SixthWard?
Only the legislature can define or reapportion the territorial jurisdiction of the various justice of the peace courts. Opinion No. 98-344, citing Miller v. Oubre, 96-2022 (La. 10/15/96); 682 So.2d 231. In Miller, the Court, at page 232 stated that,
 Under our state constitution, only the Louisiana Legislature has the power to change justice of the peace courts which existed on the effective date of the 1974 constitution, including the power to redraw district lines and create additional justice of the peace and constable courts.
In the same opinion, at page 235, the Court, citing La.Const. Art. V, § 20, said that:
 . . . By including the phrase "subject to change by law," it is clear that the drafters of the Constitution intended that only the Legislature shall have the power to alter the justice of the peace courts in any way, including redistricting or reapportionment.
The general rule is that the jurisdiction of a justice of the peace court is limited to the territorial boundaries of the ward from which the justice of the peace is elected. Opinion No. 77-264; Opinion No. 06-0123; Louisiana Justices of the Peace and Justice Court Manual, 3d Ed., page 41. The exceptions to the general rule are found at La.R.S.13:2601-2640, which define the territorial jurisdiction of several, specific justice of the peace courts. The justice of the peace courts for the Sixth Ward of Lafayette Parish are not included within these statutory exceptions; therefore, the territorial jurisdiction of the Sixth Ward courts is limited to the boundaries of the Sixth Ward, except for certain, specific matters as described below. *Page 4 
In addition to the above limited territorial jurisdiction of justice of the peace courts, all justice of the peace courts have territorial jurisdiction under La.R.S. 13:2586, which jurisdiction includes parish-wide jurisdiction over littering violations and violations for removal, disposition, or abandonment of objects at or below the jurisdictional value.
The jurisdiction of the City Court of Lafayette extends to the city limits and to the entirety of the Third and Tenth Wards, and, except for the specified parish-wide jurisdiction conferred by La.R.S. 13:2586, the jurisdiction of the Sixth Ward Justice of the Peace Courts extends only to the boundaries of the Sixth Ward; it follows that the annexation of a subdivision within the Tenth Ward does not create any overlapping jurisdiction between the city court and the justice of the peace courts. The concurrent jurisdiction of La.R.S. 13:2586 does exist for certain limited purposes, but it existed prior to the annexation.
The annexation by the City of Carencro of a subdivision in the ThirdWard does not create overlapping jurisdiction between the City Court ofLafayette and the justice of the peace courts in the Sixth Ward.
 3. Are the residents of French Colony, located in the Third Ward,eligible to vote for the Lafayette City Court judges and marshal?
The voters living within the territorial area covered by the City Court of Lafayette have always been eligible to vote for the judges and constable of that court, by operation of La.R.S. 13:1872, which states, in pertinent part, that:
 A. (1) In all wards where city courts exist and in wards containing cities of more than five thousand inhabitants, except in the city of Donaldsonville, the voters thereof shall elect a city judge, upon whose election the jurisdiction of justice of the peace and constable in that portion of the ward or wards in which the city is contained shall cease; . . .
As specified in La.R.S. 13:1952, supra, the City Court of Lafayette exists throughout the Third and Tenth Wards of Lafayette Parish, including those parts of the wards outside the city limits, and all of the voters in those wards may vote for the city judge, and, by extension, the marshal.
The annexation of the French Colony by local ordinance does not change state law, nor does it deprive the voters of their continued right to vote.
The voters living in French Colony, located in the Third Ward, remaineligible to vote for the Lafayette City Court judges and marshal. *Page 5 
I trust that the above has adequately responded to your inquiries. If we may be of further service, please do not hesitate to contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ Terry F. Hessick Assistant Attorney General
 JDC:TFH:jv