LOTTINGER, Judge.
Ex proprio motu, we dismiss this appeal as moot.
The issue presented on appeal to this court is whether four duly licensed veterinarians employed by the Louisiana Society for the Prevention of Cruelty to Animals (SPCA) are “having professional association with any person practicing veterinary medicine unlawfully” in violation of La.R.S. 37:1526 A(7). The licenses of the four veterinarians were suspended by the Louisi *1239 ana Board of Veterinary Medicine (Board) for violation of the statute, and this administrative action was upheld by the district court.
FACTS
The Louisiana SPCA is a duly chartered humane society which operates an animal shelter and veterinary clinic in Orleans Parish. It employs four veterinarians on a salaried basis who treat the shelter animals, which it takes in both as a humane shelter for homeless animals and as the contractual “pound” for the city of New Orleans. The four veterinarians, plaintiffs Dr. Patrick McSweeney, Dr. Wendy Wolf-son, Dr. Nancy Nathan, and Dr. Adrie Voors, are also employed to staff the clinic which the SPCA operates at 1319 Japónica Street in New Orleans. The clinic is open to the general public, regardless of the patrons’ financial means. All pet owners are charged the same fee; but there is considerable flexibility in repayment by installments afforded to those who claim inability to pay at once.
A complaint was filed against the four plaintiff veterinarians in November, 1987, by the Louisiana Veterinary Medical Association (LVMA), alleging that they had a professional association in violation of La. R.S. 37:1526 A(7) with the Louisiana SPCA, which was unlawfully practicing veterinary medicine. The Louisiana Board of Veterinary Medicine, the statutory body which is empowered to regulate licensing of veterinarians in this state, conducted two days of public hearings regarding the complaint in December, 1987. The Board thereafter issued an order on December 18, 1987, suspending the licenses of the four veterinarians, but limited the suspension to their practice in the SPCA clinic. Thus, the order allowed McSweeney and the others to continue to treat the shelter animals, but not those brought to the clinic by their owners.
The veterinarians filed a petition in district court seeking judicial review of the suspension of their licenses. They were also joined by the city of New Orleans and the SPCA in requesting a declaratory judgment specifically ruling that the actions of the veterinarians in associating with the SPCA do not violate state law, and that the Board was and is without cause to take disciplinary action against the veterinarians and/or the SPCA. The petition also requested that the Board be cast for costs and attorney’s fees for both the administrative proceedings and the judicial review.
The court affirmed the administrative ruling of the Board suspending the veterinarians’ licenses and rejected plaintiffs’ request for declaratory relief. This appeal followed, which the LVMA has answered, requesting damages for frivolous appeal and attorney’s fees in the amount of $1,500.00.
MOOTNESS
La.R.S. 37:1514 in part provides:
No person shall practice veterinary medicine in the state who is not a licensed veterinarian or the holder of a valid temporary permit issued by the board. This Chapter shall not be construed to prohibit:
(1) An employee of the federal, state, or local government performing his official duties.
Oral argument in this matter occurred on April 24, 1989. Four days prior thereto, April 20, the Council of the City of New Orleans adopted the following ordinance:
AN ORDINANCE to amend Chapter 7 of the City Code by adding Section 7-2.1 relative to the designation of the Louisiana Society for the Prevention of Cruelty to animals as an agent or employee of the City of New Orleans for the purpose of performing as its official duty the operation of veterinary medicine clinics within the City of New Orleans to provide for charges for veterinary services provided by the SPCA; and otherwise to provide with respect thereto.
SECTION 1. THE COUNCIL OF THE CITY OF NEW ORLEANS HEREBY ORDAINS That Section 7-2.1 of the City Code is hereby ordained to read as follows:
“Section 7-2.1 Society designated an employee of the City with duty to operate *1240 veterinary clinics. For the purposes of R.S. 37:1514(1), the society is hereby designated as an employee of the City for the purpose of operating one or more veterinary clinics within the City; and the operation of such clinics shall constitute the official duties of the Society as an employee of the City, for so long as said clinic or clinics are open to the public to provide veterinary services both to stray, abandoned or homeless animals brought to the Society and to privately-owned animals brought to said clinics by or for the owners for treatment, and for so long as the Society charges and collects such fees as it deems appropriate for the treatment or care of animals brought in by members of the public. For the purpose of R.S. 37:1514(1), collecting of said fees shall constitute part of the official duties of the Society for so long as all funds received by the Society as such fees are used for the humane treatment of animals brought to or received by the Society.”
The ordinance was approved by the mayor of the City of New Orleans on April 21, 1989. This Court has been furnished with a certified copy of said ordinance.
In opposition to the applicability of the ordinance, the Louisiana Board of Veterinary Medicine argues that this ordinance attempts to circumvent superior state law. The Board also argues, on the merits of the ordinance, that the term “employee” contemplates a natural person vis a vis a corporation such as the SPCA, and that “official duties” of the City of New Orleans cannot be construed to include the operation of veterinary clinics.
Suffice to say, the City of New Orleans operates under a home rule charter, and we do not view the adoption of the ordinance as an attempt to circumvent state law, but rather, the proper exercise of powers granted under a home rule charter. We also recognize, without a great detail of discussion, the changing operations of local government in that local government has found, in some instances, it more efficient to contract out certain services. We know of no standard by which one can judge what is or is not an official duty of government, other than that which government seeks to undertake. Just as government could contract out to private enterprise the operation of health care clinics, it can contract out the operation of veterinary clinics. The protection of the public from sick and diseased animals is a proper function of government, and if a certain segment of the population cannot afford the services of private veterinary care, it is also proper for government to step in and fill that void.
We conclude that the ordinance is valid and applicable, and the plaintiffs are covered by the exception found in La.R.S. 37:1514(1). Necessarily then, this appeal is moot.
ATTORNEY FEES
The request by the Louisiana Veterinary Medical Association for damages and attorney’s fees is denied, as is the request for attorney’s fees by the plaintiffs-appellants. Costs of this appeal and of the administrative proceeding below are assessed equally against the plaintiffs-appellants and the defendant Board, in the amount of $907.90. APPEAL DISMISSED.