*470 On Application for Writ of Certiorari
First Circuit Court of Appeal
PER CURIAM.
Writ granted. The court of appeal, 549 So.2d 1238, found that the passage of an ordinance purporting to make the SPCA an “employee” of the City of New Orleans brought the plaintiffs within the statutory exception found in La.R.S. 37:1514(1) and rendered this case moot. This holding was incorrect. Whether an employer-employee relationship exists is a matter of state law, and this state law cannot be circumvented by a city ordinance that merely states the end that is sought to be achieved. Regardless of the label placed on the relationship by the ordinance, it may be that the relationship between the city and the SPCA under state law is one of principal-independent contractor; the city may not possess the control over the SPCA that is the hallmark of the employer-employee relationship under Louisiana law. Since it is not at all clear that the SPCA or the veterinarians have been made employees of a local government within the meaning of the statute by the ordinance, this case has not been mooted by the enactment of the ordinance.
In our opinion, however, the board and the district court committed an error of law by interpreting the veterinary practice law as providing that a veterinarian may be disciplined for having an association with a humane society. In order to be subject to discipline for a violation of this nature the veterinarian must have been guilty of “[hjaving professional association with ... any person practicing veterinary medicine unlawfully.” La.R.S. 37:1526(7). Agents of humane societies may be authorized by local governments to act as special police officers in the enforcement of laws for the protection of animals. La.R.S. 3:2391. Any fines imposed on any person as a penalty for the violation of such laws as the result of the assistance or participation of an agent of a humane society must be shared with that society. La.R.S. 3:2393. Any officer of a humane society in cities over twenty-five thousand and under one hundred thousand inhabitants in 1914 are authorized by law to remove abused, sick or disabled animals to any stable designated by the society for treatment. La.R.S. 3:2431. Before any humane society may avail itself of that authority, however, it must arrange with some stable for the care of animals or maintain its own stable for this purpose and comply with the rate of charges set by statute except it may charge extra for medical attendance. La. R.S. 3:2432. A humane society, after complying with R.S. 3:2431, must arrange with some veterinary surgeon, and agree upon a scale of uniform charges, and the society may employ the surgeons to attend any animals that in their judgment need treatment. La.R.S. 3:2433. The City of New Orleans, acting under its constitutional home rule powers, has enacted a comprehensive chapter of ordinances dealing with the protection of animals. Code of the City of New Orleans, Chapter 7. Under this chapter the Louisiana Society for the Prevention of Cruelty to Animals, its officers and agents, are authorized to enforce the provisions of the chapter. Id. Section 7-1 & 2. If the Director of Health for the city determines that any animal is being maintained in an environment that may be detrimental to its health and safety or to the public health and safety he may order the Society to impound said animal. Id. Sec *471 tion 7-6. The Society is required to maintain a proper shelter and pound for all animals seized by it. Id. Sections 7-53 & 53.17.
Considering the broad express and implied powers that have been granted to humane societies by law to protect, house, care for and treat animals, we do not believe that it was the legislative aim that they be included within the deleterious category of “person[s] practicing veterinary medicine unlawfully” that licensed veterinarians must refrain from associating with under pain of disciplinary action. See La. R.S. 37:1526(7).
For the reasons assigned, the judgment of the Court of Appeal dismissing the appeal as moot is vacated. Instead, the judgment of the , district court is reversed, the sanction imposed by the board of veterinary medicine is set aside, and the disciplinary action is dismissed.
COURT OF APPEAL JUDGMENT VACATED. DISTRICT COURT JUDGMENT REVERSED. SANCTION VACATED. DISCIPLINARY ACTION DISMISSED.