LOTTINGER, Judge.
Plaintiffs-appellants appeal the judgment of the trial court awarding partial court costs and denying attorney fees.
This case was before this court once before on the merits. McSweeney v. Louisiana Board of Veterinary Medicine, 549 So.2d 1238 (La.App. 1st Cir.1989), judgment vacated, 555 So.2d 469 (La.1990). The essence of the supreme court decision was to rule in favor of plaintiffs-appellants. However, the supreme court opinion did not expressly assess court costs. Subsequently, plaintiffs filed in this court a motion to assess costs and attorney fees, which this court denied stating that such a motion “should be brought at the trial court level so that any necessary evidence can be introduced into the record.”
In the trial court, plaintiffs and defendant stipulated to the amount of court costs paid, $2,127.00. The trial court awarded $292.50 in costs. The court awarded all the stipulated costs less $1,834.50 for the transcript of the evidence before the Board of Veterinary Medicine. The trial judge took the position in refusing to award those costs that a transcript is for the convenience of a party.
COSTS
During oral argument appellee contended that the only statutory authority providing for recovery of court costs in an administrative proceeding is La. R.S. 49:965.1 and not La.Code Civ.P. art. 1920. Further, it was argued that section 965.1 controlled because it is a specific rule vis a vis the general rule in article 1920.
Section 965.1 was added in 1982 by the enactment of Act 497. The title to Act 497 in part provides: “to authorize and provide with respect to the recovery by small businesses of reasonable litigation expenses incurred in opposing or contesting agency actions....” Prior to the enactment of Act 497, the award of court costs was not mentioned in the Administrative Procedure Act. Thus, at the judicial level, the award of court costs was controlled by La.Code Civ.P. art. 1920. We interpret the enactment of Act 497 as an expression of legislative intent that at least “small businesses” can recover reasonable litigation expenses, including attorney fees, when the agency acts without substantial justification. We do not find in section 965.1 any intent to limit the authority to award court costs.
The review of a decision of an administrative agency “shall be confined to the record.” La. R.S. 49:964(F). The transcription of evidence before an administrative agency is necessary when an appeal is taken from the decision of the agency. Therefore, the costs of the transcript should be included in the assessment of costs.
The failure to award the costs of the transcript is not a question of an abuse of *892 the trial judge’s discretion in awarding costs. Here the trial judge failed to understand the need for the transcript.
Therefore, the judgment of the trial court will be amended to increase the award of costs to $2,127.00.
ATTORNEY FEES
La. R.S. 49:965.1 provides for the award of attorney fees “[i]f the small business prevails and the court determines that the agency acted without substantial justification....”
Pretermitting whether plaintiffs even qualify as a small business under La. R.S. 49:965.1, after a thorough review of the record we cannot conclude the Louisiana Board of Veterinary Medicine acted “without substantia] justification.”
Therefore, for the above and foregoing reasons, the judgment of the trial court is amended to award costs in the amount of $2,127.00, and as amended, the judgment is affirmed. Additionally, the Louisiana Board of Veterinary Medicine is assessed all costs of this proceeding in the amount of $1,695.23.
AMENDED AND AFFIRMED.
EDWARDS, J., concurs.