768 So.2d 284 (2000)
STATE of Louisiana, Through the LOUISIANA RIVERBOAT GAMING COMMISSION
v.
LOUISIANA STATE POLICE RIVERBOAT GAMING ENFORCEMENT DIVISION.
No. 99 CA 2038.
Court of Appeal of Louisiana, First Circuit.
September 22, 2000.
*285 Richard P. Ieyoub, L. Rand Dennis, Thomas A. Warner, III, Office of Attorney General, Baton Rouge, for Plaintiff-Appellant State of Louisiana, through the Louisiana Riverboat Gaming Commission.
Charles S. Lambert, Jr., Baton Rouge, for Intervenor-Appellee Capitol House Preservation Co., L.L.C.
Before: PARRO and GUIDRY, JJ., and GANUCHEAU[1], J. Pro Tem.
PARRO, J.
The State of Louisiana, through the Louisiana Gaming Control Board,[2] appeals the trial court's award of attorney fees to the successful litigant, Capitol House Preservation Company, L.L.C. (Capitol House). We affirm.

BACKGROUND
The history of this litigation is outlined in two previous decisions of this court, and will not be reiterated here.[3] For purposes of this appeal, it is sufficient to state that this lawsuit was filed by the Commission pursuant to Louisiana Revised Statute 4:556(A)[4] as a petition for declaratory judgment regarding administrative rules, seeking to validate the Commission's regulations pertaining to the licensing process for riverboat gaming. Capitol House intervened, claiming those rules were invalid.[5] The trial court agreed, and its judgment invalidating certain of those rules was affirmed by this court in Riverboat I. Capitol House then filed a supplemental petition under Louisiana Code of Civil Procedure article 1878, seeking, among other things, reasonable litigation expenses pursuant to Louisiana Revised Statute 49:965.1(A). The trial court overruled the Board's exceptions and motions filed in opposition to Capitol House. In Riverboat II, this court denied the Board's application for supervisory relief, thus upholding the trial court's judgment allowing Capitol House to seek such relief. Capitol House filed a motion for summary judgment regarding its entitlement to attorney fees, which was granted by the trial court. In a judgment signed June 8, 1999, the trial court ordered the Board to pay Capitol House reasonable litigation expenses incurred in the amount of the statutory maximum of $7,499.99. This appeal followed.

*286 ANALYSIS
The only issue before this court is whether the trial court erred in awarding Capitol House reasonable litigation expenses under the authority of Louisiana Revised Statute 49:965.1(A). The Board bases its argument against the award on this court's opinion in Riverboat I. There we concluded that this matter was not governed by the procedural articles in the Administrative Procedure Act (APA),[6] but rather by the procedural articles of the Louisiana Code of Civil Procedure, because the case was filed under a statute that specifically called for it to be governed by those articles.[7] Accordingly, the Capitol House intervention was not limited by criteria in the APA, specifically Revised Statute 49:963, because this was not the procedural mechanism employed by Capitol House to intervene. Citing GMAC v. Meyers, 385 So.2d 245 (La.1980), the Board correctly notes that generally, a successful litigant cannot recover attorney fees except where authorized by statute or contract. The Board argues that nothing in the Louisiana Code of Civil Procedure allows Capitol House to be awarded attorney fees in this case. This is certainly correct, but it does not resolve the issue. This court's decision in Riverboat I dealt with a procedural question; the issue in this appeal is substantive in nature. Therefore the answer is not limited to a consideration of which statutory provisions guide the procedural aspects of the case.
As argued by Capitol House, the substantive provisions of the APA are at the core of this dispute. Former Louisiana Revised Statute 4:519(D), under which the Commission operated when this lawsuit began, stated that all its rules and regulations were to be in accordance with the APA. See LSA-R.S. 27:59(D). The crux of the challenge to those regulations was that they violated the APA in various ways and exceeded the agency's statutory authority. The court relied on many substantive provisions of the APA in concluding the rules were not valid. Therefore, although the procedural aspects of the case have been controlled by the Louisiana Code of Civil Procedure, the substantive issues have to a great extent been guided by the APA. Accordingly, Capitol House was well within the general ambit of this litigation in basing its request for litigation expenses on an APA provision.
Capitol House's request for litigation expenses and the trial court's award were based on Louisiana Revised Statute 49:965.1(A). It provides, in pertinent part:
When a small business files a petition seeking: ... (2) judicial review of the validity or applicability of an agency rule, ... the petition may include a claim against the agency for the recovery of reasonable litigation expenses. If the small business prevails and the court determines that the agency acted without substantial justification, the court may award such expenses, in addition to granting any other appropriate relief.
"Reasonable litigation expenses" are any expenses, including attorney fees, not exceeding $7500, that are reasonably incurred in opposing or contesting the agency action in connection with any one claim. LSA-R.S. 49:965.1(D)(1); McSweeney v. Louisiana Bd. of Veterinary Medicine, 600 So.2d 890, 891 (La.App. 1st Cir.1992). To qualify for this relief, a "small business" must meet the criteria defined by the Small Business Administration in Section 13 of the Code of Federal Regulations, Part 121. LSA-R.S. 49:965.1(D)(2). A business with annual receipts of less than $5 million or fewer than 500 employees is considered a "small business" under the applicable regulation. 13 C.F.R. 121.601.
In granting the motion for summary judgment, the trial court determined there were no genuine issues of material fact *287 and Capitol House was entitled to judgment in its favor as a matter of law. See LSA-C.C.P. art. 966. Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. Paul v. Louisiana State Employees' Group Benefit Program, 99-0897 (La.App. 1st Cir.5/12/00), 762 So.2d 136, 140. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). If, as in this case, the mover bears the burden of proof at trial on the issue before the court, the burden of proof on the motion for summary judgment is on the mover to show that no genuine issue of material fact exists. LSA-C.C.P. art. 966(C)(2).
In support of its motion, Capitol House filed the affidavit of Charles S. Lambert, Sr., its manager, in which he attested that the company had annual receipts of less than $5 million and fewer than 500 employees at all times since its inception. As attorney for Capitol House, Charles S. Lambert, Jr., filed an affidavit showing he had expended 207 hours in legal work in this matter and that his customary fee was $125 per hour for such work. No countervailing evidence was produced by the Board. The record bears out the fact that this matter involved the validity of certain administrative rules promulgated by an agency of the state. The petition of intervention filed by Capitol House asserted that certain of those rules were invalid, and its challenge to those rules was successful. In its reasons for judgment declaring these rules invalid, the trial court found and this court affirmed that there was no authority in the APA or the enabling legislation for some of the rules promulgated and actions taken by the Commission. Acting without authority is certainly the equivalent of acting without substantial justification.
Based on the facts in this record, we conclude Capitol House established its entitlement to reasonable litigation expenses as a matter of law. Having seen the excellent quality of Mr. Lambert's work product before this court in briefs and oral arguments, his fee is more than reasonable. Therefore, the trial court's award of the statutory maximum was appropriate.

CONCLUSION
The judgment ordering the Board to pay Capitol House $7,499.99 for its reasonable litigation expenses is affirmed. All costs of this appeal, in the amount of $10,088.52, are assessed against the Board.
AFFIRMED.
NOTES
[1] Judge Richard J. Ganucheau of the Orleans Parish Civil District Court is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] While this case was pending, the status of the entities charged with oversight of gaming was changed. The Louisiana Riverboat Gaming Commission (the Commission) was abolished, and a new entity, the Louisiana Gaming Control Board (the Board), became its successor. See LSA-R.S. 27:31.
[3] See State, through the Louisiana Riverboat Gaming Comm'n v. Louisiana State Police Riverboat Gaming Enforcement Div., 95-2355 (La.App. 1st Cir.8/21/96), 694 So.2d 316; State, through the Louisiana Riverboat Gaming Comm'n v. Louisiana State Police Riverboat Gaming Enforcement Div., 97-0167 (La. App. 1st Cir.6/20/97), 696 So.2d 645, writ denied, 97-1932 (La.11/7/97), 703 So.2d 1269. For purposes of this opinion, the first of these decisions will be referred to as Riverboat I and the second as Riverboat II.
[4] The action was filed under the authority of Louisiana Revised Statute 4:556(A), a provision of the Louisiana Riverboat Economic Development and Gaming Corporation Act. In 1995, this Act was abolished and its provisions were re-designated as Title 27, the Louisiana Gaming Control Law. See 1996 La. Acts, 1st Ex.Sess., No. 7, § 1. The procedure under which the State filed this action is now designated as Louisiana Revised Statute 27:97(A). It states that the action is to be conducted in accordance with the provisions of the Louisiana Code of Civil Procedure.
[5] The intervention was filed by Capitol House's predecessor-in-interest, Lady Luck Casino Baton Rouge, Inc., and Capitol House was later substituted.
[6] The Administrative Procedure Act is comprised of Louisiana Revised Statutes 49:950-972.
[7] See former LSA-R.S. 4:556(A), now LSA-R.S. 27:97(A).